

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0946-08

### RICKY TAPPS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

**PRICE, J., delivered the opinion of the Court in which KELLER, P.J., joined except as to Part II, and MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined.**

## O P I N I O N

The appellant was indicted under Section 46.04(a)(1) of the Texas Penal Code, for unlawful possession of a firearm by a felon.[1] The indictment alleged that the appellant's state-jail-felony conviction for failure to comply with sex-offender registration requirements

[1] TEX. PENAL CODE § 46.04(a)(1).

qualified him as a felon for purposes of Section 46.04(a)(1).[2]  A jury found the appellant guilty.  The trial court, after finding two of the four alleged enhancement paragraphs to be true,[3] identified the appellant as an habitual criminal and sentenced him to thirty-two years in prison.  On June 6, 2008, the Third Court of Appeals, in a published opinion, affirmed the appellant's conviction after finding the appellant's state-jail-felony conviction sufficient to support his conviction under the unlawful possession of a firearm statute.[4]  We granted the appellant's petition for discretionary review to determine whether a state-jail felony is a "felony" for purposes of Section 46.04(a)(1), and therefore whether the evidence was legally sufficient to support the appellant's conviction for possession of a firearm by a felon.  Because we find that the term "felony" under Section 46.04(a)(1) includes state-jail felonies, we affirm the court of appeals's holding that the appellant's state-jail-felony conviction is legally sufficient to support his conviction.

---

[2]   On December 14, 2004, the appellant pled guilty to "Failure to Comply with Sex Offender Registration," in Williamson County, and was sentenced to seven months in state jail.

[3]   The indictment contained four enhancement paragraphs, which alleged that the appellant was previously convicted in Louisiana of (1) molestation of a juvenile, (2) possession of illegal contraband in a department of corrections facility, (3) attempted murder, and (4) felon in possession of a firearm.

[4]   The court of appeals, on a motion for rehearing, withdrew its opinion issued April 17, 2008, and issued, in its place, the June 6, 2008, opinion referenced here. *Tapps v. State*, 257 S.W.3d 438 (Tex. App.—Austin 2008).  The facts underlying the offense of unlawful possession of a firearm by a felon are not important to the disposition of the appellant's petition for discretionary review and are therefore not detailed here.  The factual and procedural background of this case can be found in the court of appeals's opinion on the motion for rehearing.

# I.

## STATUTORY CONSTRUCTION

The appellant argues that his conviction for failing to register as a sex offender is insufficient as evidence to support his conviction under the unlawful possession of a firearm statute because a state-jail felony is not a felony for purposes of Section 46.04(a)(1). His argument requires us to construe the language of this and several other provisions of the Penal Code. Statutory construction is a question of law; thus, this Court conducts a *de novo* review.[5]

"Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended."[6] To do so, we focus on the literal text of the statutory language in question, reading it in context and construing it "according to the rules of grammar and common usage."[7] In an attempt to discern the fair, objective meaning of the text at the time of its enactment, "[w]e assume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if

---

[5] *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008).

[6] *Id.* (citing *Thompson v. State*, 236 S.W.3d 787, 792 (Tex. Crim. App. 2007); *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

[7] TEX. GOV'T. CODE § 311.011(a).

reasonably possible."[8] "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute."[9] It is only "[w]hen the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended," that a court, out of absolute necessity, may stray from applying the literal language and resort to such extra-textual factors as legislative history, intent, or purpose.[10]

There are a number of Penal Code provisions that are relevant to our inquiry. First is Section 46.04 itself, which provides, in relevant part:

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
> > (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever is later . . . .[11]

Section 1.07(23) of the Penal Code, in turn, defines a "felony" as "an offense so designated

---

[8] *Campbell v. State*, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001) (citing *State v. Hardy*, 963 S.W.2d 516, 20 (Tex. Crim. App. 1997)).

[9] *Coit v. State*, 808 S.W.2d 473, 475 (Tex. Crim. App. 1991).

[10] *State v. Mason*, 980 S.W.2d 635, 638 (Tex. Crim. App. 1998) (citing *Boykin*, 818 S.W.2d at 785-86). This Court has recognized the "absurd consequences" exception to the "plain meaning rule" because we assume that the Legislature would not act in an absurd way. *Id.*

[11] TEX. PENAL CODE § 46.04(a)(1).

by law or punishable by death or confinement in a penitentiary."[12]  The term is further illuminated by Section 12.04 of the Texas Penal Code, which provides:

> (a) Felonies are classified according to the relative seriousness of the offense into five categories:
>
>> (1) capital felonies;
>>
>> (2) felonies of the first degree;
>>
>> (3) felonies of the second degree;
>>
>> (4) felonies of the third degree; and
>>
>> *(5) state jail felonies*.
>
> (b) An offense designated a felony in this code without specification as to category is *a state jail felony*.[13]

On its face, Section 46.04(a) unequivocally provides that a conviction for unlawful possession of a firearm can be obtained by proof of any "felony."  Reading the plain language from Section 46.04(a), in conjunction with Section 1.07(a)(23), which defines "felony" to be an "offense so designated by law," and Section 12.04(a), which expressly categorizes state-jail felonies as "felonies," leads to the ineluctable conclusion that state-jail felonies can be used to obtain convictions for unlawful possession of a firearm. Section 12.04(b) amplifies this conclusion by mandating that any offense designated a felony without specification as to degree is classified as a state-jail felony.  As the court of appeals noted,

---

[12] TEX. PENAL CODE § 1.07(a)(23).

[13] TEX. PENAL CODE § 12.04(a) (emphasis added).

the default classification of all unclassified felonies as state-jail felonies underscores the conclusion that state-jail felonies are felonies unless the language of the particular statute in question indicates otherwise. Thus, reading these three statutory provisions together clearly and unambiguously demonstrates that a conviction for unlawful possession of a firearm by a felon can be obtained with proof of a state-jail-felony offense. There is nothing remotely absurd about this plain-language construction of the statutory scheme.

Indeed, we have previously read Section 46.04(a) to include all felonies. The original incarnation of the statute made possession of a firearm illegal for persons who were convicted of burglary, robbery, or any felony involving violence with a firearm, and were sentenced to the penitentiary for that conviction.[14] In 1993, the Legislature repealed Section 46.05 and adopted Section 46.04. In so doing, it made several changes, including providing that the statute should apply to all felons, not just those whose crimes involve an act of violence or threatened violence. In *State v. Mason*, we observed:

> A literal reading of the changes in the text of the statute leads this Court to [conclude that] . . . when the Legislature dropped the requirement that the prior felony conviction must be a felony involving an act of violence, they sought to include all felons within the coverage of the statute, thereby significantly

---

[14] Section 46.05, prior to its repeal, provided, in pertinent part:

(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

TEX. PENAL CODE § 46.05 (repealed).

expanding the class of persons covered by the statute.[15]

And in *Mason* we noted that, in its final report, the Texas Punishment Standards Commission stated that the commission had "originally proposed expanding the list of felons to include persons convicted of capital, first, and second degree felonies[,] [but that] [t]he commission eventually decided to subject all felons to this prohibition . . . ."[16] This final report further supports our understanding that "[t]he Legislature chose to subject all felons to the proscription of Section 46.04."[17] While state-jail felonies did not exist when Section 46.04 was originally enacted, the Legislature created state-jail felonies at the same time that—indeed, within the same legislation in which—it amended Section 46.04.[18] It is safe to assume that in amending Section 46.04 to embrace all felonies, the lawmakers were well aware of the new state-jail felonies contemporaneously created in Section 12.35, and their designation as "felonies" under Section 12.04. For these reasons, we are compelled to conclude that persons convicted of state-jail felonies may be prosecuted under Section 46.04.

---

[15] *Mason*, 980 S.W.2d at 638-39.

[16] *Id.* at 639 (quoting Texas Punishment Standards Commission, Final Bill Analysis: Senate Bill 1067, Aug. 31, 1993, at 61).

[17] *Id.*

[18] *See* Acts 1993, 73rd Leg., ch. 900, § 1.01, pp. 3603, 3602 & 3688, eff. September 1, 1994 (creating state-jail felonies in newly enacted Section 12.35, classifying them as "felonies" in amended Section 12.04, and amending Section 46.04 to embrace any "felony," respectively).

## II.

## THE APPELLANT'S ARGUMENT: "TRADITIONAL" FELONIES

Because the language of Section 46.04(a) is clear and unambiguous and does not lead to absurd consequences, we need not delve into the extra-textual factors of legislative intent; our *de novo* review should end here. Nevertheless, the appellant urges us to look beyond the plain language of Section 46.04 and to look to extra-textual factors. Even assuming that we were permitted to go beyond the plain statutory language to consider other indicia of legislative intent,[19] however, we would reach the same conclusion. To illustrate, we will address each of the appellant's arguments in turn.

### "Felony" Requires a Year's Imprisonment in the Penitentiary

First, the appellant argues that what he calls the "traditional" definition of felony requires an offense to be punishable by *more than a year* in the *penitentiary* before it can be classified as a felony.[20] He maintains that, because he was sentenced to only seven months' confinement in a state-jail facility, his conviction for failing to register as a sex offender does not meet this "traditional" definition of felony and is therefore not sufficient for purposes of

---

[19] *See* TEX. PENAL CODE § 1.05(b) and TEX. GOV'T CODE § 311.023 (certain provisions of the Code Construction Act, including Section 311.023, apply in construing the Penal Code; and under Section 311.023 of the Code Construction Act, courts may consider certain matters "whether or not the statute is considered ambiguous on its face").

[20] The appellant fails to identify any source for this "traditional" definition in his brief. *But see* BLACK'S LAW DICTIONARY 651 (8th ed. 2004) ("A serious crime [usually] punishable by imprisonment for more than one year or by death.").

Section 46.04.[21] We have consistently held, however, that an offense is classified by the possible punishments that may be imposed for that crime, not the actual punishments imposed.[22] Thus, the fact that the appellant was actually sentenced to only seven months does not effect how his offense is *categorized*.

Still, the appellant maintains that his state-jail-felony conviction does not meet the felony criteria because he was sentenced to "confinement" in a state-jail facility rather than "imprisonment" in a penitentiary. He makes as the centerpiece of his argument the language of Section 12.41 of the Penal Code, which provides:

> For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:
>
> (1) "felony of the third degree" if *imprisonment in a penitentiary* is affixed to the offense as a possible punishment;
>
> (2) "Class B misdemeanor" if the offense is not a felony and *confinement in a jail* is affixed to the offense as a possible punishment;
>
> (3) "Class C misdemeanor" if the offense is punishable by fine only.[23]

---

[21] TEX. PENAL CODE § 12.35 ("an individual adjudged guilty of a state-jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days").

[22] *Ragon v. State*, 506 S.W.2d 214, 216-17 (Tex. Crim. App. 1974) ("an offense which may be punished by confinement in the penitentiary is a felony even though an offender is actually punished by fine or confinement in the county jail.").

[23] TEX. PENAL CODE § 12.41 (emphasis added).

The appellant claims that the use of the term "confinement" in Subsection (2), as opposed to "imprisonment" in Subsection (1), implies that the offense is something less than a felony. We find two flaws in the appellant's argument. To start with, the appellant ignores the introductory language of Section 12.41, which makes the statute applicable only to "conviction[s] not obtained from a prosecution under" the Penal Code.[24] Because the appellant was prosecuted under Penal Code Section 46.04, Section 12.41 does not apply.[25] Moreover, he ignores the additional language in Subsection (2). Under Subsection (2), an offense is a class B misdemeanor if confinement in jail is a possible punishment *and* "if the offense is not a felony."[26] Therefore, even under the plain language of Section 12.41, an offense is not automatically discounted as a felony simply because it does not require imprisonment or confinement in a penitentiary. And finally, the appellant's focus on the term "imprisonment" as an identifier of a felony offense overlooks Sections 1.07(23) and 46.04. Section 1.07(23) defines a felony as, *inter alia*, "an offense . . . punishable by . . . *confinement* in a penitentiary."[27] And Section 46.04, the very statute under which the

---

[24] *Id*.

[25] If we were to accept the appellant's invitation to apply Section 12.41 here, we would have to do so for the entire Penal Code, which would require all felonies to be classified as third-degree felonies. Given the various felony classifications expressly listed in Section 12.04, classifying all Penal Code felonies as third-degree felonies was clearly not the Legislature's objective.

[26] TEX. PENAL CODE § 12.41(2).

[27] TEX. PENAL CODE § 1.07(23) (emphasis added).

appellant was convicted, provides that "[a] person who has been convicted of a felony commits an offense if he possesses a firearm . . . after conviction and before the fifth anniversary of the person's release from *confinement* following the conviction of the felony . . . ."[28] Both sections use the term "confinement" with reference to felony punishment, solidifying our understanding that use of the term imprisonment or confinement does not itself dictate whether an offense should or should not be classified as a felony. In these various Penal Code provisions, the Legislature uses the terms more or less interchangeably, and we do not believe that the Legislature's employment of one or the other indicates an intention to distinguish between felonies and non-felonies.

In any event, the appellant's argument is foreclosed by the plain language of the statutory definition of "felony" in Section 1.07(23): "*an offense so designated by law or punishable by death or confinement in a penitentiary.*"[29] Assuming every word of this definition was meant to serve a purpose, we read the disjunctive "or" to allow an offense to be classified as a felony, regardless of its punishment range, if it is expressly so designated. For purposes of state-jail felonies, we find this designation in Section 12.04, which expressly classifies state-jail felonies as felonies.

### The Language of Section 46.04

Second, the appellant argues that other language in Section 46.04 itself demonstrates

---

[28] TEX. PENAL CODE § 46.04 (emphasis added).

[29] TEX. PENAL CODE § 1.07(23) (emphasis added).

that only the "traditional" definition the appellant postulates should apply. The appellant draws this conclusion from Section 46.04's reference to release from parole or mandatory supervision. Section 46.04(a)(1) provides that a person commits an offense if he possesses a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or *the person's release from supervision under community supervision, parole, or mandatory supervision*, whichever date is later. . . ."[30] He argues that because parole and mandatory supervision are available only to those convicted of "traditional" felonies, not state-jail felonies, the Legislature did not intend for state-jail felonies to support unlawful possession convictions.[31] In making this argument, the appellant again ignores portions of the statutory language. In the same sentence that refers to parole and mandatory supervision, Section 46.04 also alludes to release from community supervision, which persons convicted of state-jail felonies are eligible to receive.[32] Additionally, even if the language that the appellant points to here might, by itself, suggest an intent to include only "traditional" felonies, the disjunctive "or" and the preceding language (*i.e.*, that a person commits an offense if he possesses a firearm after "the person's

---

[30] TEX. PENAL CODE § 46.04(a)(1).

[31] As support for this argument, the appellant relies on Texas Government Code Section 508.141, which provides the eligibility requirements for parole. TEX. GOV'T CODE § 508.141.

[32] TEX. CODE OF CRIM. PROC. art. 42.12, §§ 4(d), 15(d); *Hobyl v. State*, 193 S.W.3d 903 (Tex. Crim. App. 2006) (observing that the Legislature amended the TEX. CODE OF CRIM. PROC. art. 42.12, § 4(d)(2) in 2005 "to permit jury-recommended community supervision for a defendant convicted of a state jail felony").

release from confinement following conviction of the felony") rebuts any argument that the Legislature intended to include *only* felonies for which a defendant is eligible for certain types of early release. The above language clearly demonstrates that the Legislature intended that a person who has been convicted of a "felony" should include, at least under the first clause of Subsection (a)(1), *all* persons released from confinement following a felony conviction. This includes persons released from state jails after serving sentences for state-jail felonies.

## The Section 12.42 Analogy

Lastly, the appellant argues that the plain language of Section 46.04 shows a legislative intent to treat "felonies" and "state-jail felonies" differently. As support, he cites our decision in *Campbell v. State*. In *Campbell*, we held that, "as used in [the Penal Code] subsection 12.42(a), the terms 'felony' and 'state jail felony' are mutually exclusive."[33] In construing the enhancement provisions of Section 12.42, we found that the Legislature's use of the two terms in both Subsections (a)(1) and (a)(2) evinced its intent "to treat commission of a state jail felony after repeated commission of only other state jail felonies differently than commission of a state jail felony after repeated commission of more serious offenses."[34]

---

[33] *Campbell*, 49 S.W.3d at 877.

[34] *Id.* Section 12.42 provides:

(a)(1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two *state jail felonies*, on conviction the defendant shall be punished for a third-degree felony.

Such distinguishing language, however, does not appear in Section 46.04. Instead, Section 46.04 refers to "[a] person who has been convicted of a felony" without mention of the categories of felony to be included. Without more, we interpret the Legislature to have intended the "felony" definitions found in the Penal Code to apply—*i.e.*, the general definition of felony found in Section 1.07 and the categories of felonies listed in Section 12.04. And under this application, for purposes of Section 46.04(a), "[a] person who has been convicted of a felony" includes a person who has been convicted of a state-jail felony.[35]

## CONCLUSION

Having determined that a state-jail felony can be a predicate felony conviction under Section 46.04(a), we conclude that the appellant's previous conviction for failure to register as a sex offender, a state-jail-felony offense, provided sufficient evidence to satisfy the State's burden that the appellant had been convicted of a felony. Accordingly, we affirm the court of appeals's holding that the appellant's prior state-jail-felony conviction is legally sufficient to support the appellant's conviction under Section 46.04(a)(1).

Delivered:     September 30, 2009
Publish

---

(a)(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been convicted of two *felonies*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony. TEX. PENAL CODE § 12.42(a) (emphasis added).

35

TEX. PENAL CODE § 46.04(a).