



# OPINION

No. 04-11-00576-CR

Dionicio **OLIVAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR9589
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
    Karen Angelini, Justice
    Marialyn Barnard, Justice

Delivered and Filed:  September 26, 2012

AFFIRMED

Appellant Dionicio Olivarez appeals the trial court's order adjudicating him guilty and sentencing him to one-year confinement and a $1,200.00 fine.  On appeal, Olivarez contends the trial court erred in granting the State's motion to adjudicate and sentencing him to confinement in the absence of a finding that such actions would serve the best interest of society and Olivarez. We affirm the trial court's judgment.

**BACKGROUND**

In 2007, appellant Dionicio Olivarez pled no contest to the offense of possession of a controlled substance under one gram. The plea was pursuant to a plea bargain agreement with the State. The trial court deferred a finding of guilt and placed appellant on community supervision for a term of three years. Less than two weeks before Olivarez's community supervision was to end, the State filed a Motion to Enter Adjudication of Guilt and Revoke Community Supervision. In the motion, the State alleged, among other things, that Olivarez violated a condition of his community supervision by committing the offense of theft.

Olivarez pled true to the allegation that he had committed the offense of theft in violation of the terms of his community supervision. The State waived the remaining alleged violations. Based on Olivarez's plea of true, the trial court granted the State's motion, found Olivarez guilty, and sentenced him to confinement for one year in a state jail facility and a $1,200.00 fine. Olivarez filed a pro se notice of appeal and because he is indigent, the trial court appointed appellate counsel.

**ANALYSIS**

On appeal, Olivarez raises a single point of error in which he contends the trial court erred in granting the State's motion, revoking his community supervision, and sentencing him to confinement and a fine because the court failed to make a finding that the best interest of society and Olivarez would be served by such action. We disagree.

Article 42.12, section 5(a) states, in pertinent part:

Except as provided by Subsection (d) of this Section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilty, and place the defendant on community supervision.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2012). Olivarez contends that because this provision requires the trial court to find the best interest of society and the defendant would be served by placing the defendant on deferred adjudication community supervision, it must also find those same interests would be served by revoking a defendant's community supervision.

First, we hold Olivarez has not preserved this complaint for our review. During the hearing on the State's motion, neither Olivarez nor his counsel objected to the absence of a "best interest" finding, nor did they request such a finding. Except for complaints involving systemic or absolute requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by a failure to comply with Rule 33.1 of the Texas Rules of Appellate Procedure. *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). Under Rule 33.1, to preserve a complaint for appellate review, the record must show the appellant made a specific and timely request, objection, or motion in the trial court, and the trial court ruled on it. TEX. R. APP. P. 33.1(a); *see Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009). In other words, the appellant must have informed the trial court what was wanted and why he was entitled to it, and obtained a ruling. *Lovill*, 319 S.W.3d at 691.

A systemic right is "a law that the trial court has a duty to follow even if the parties wish otherwise." *Mendez*, 138 S.W.3d at 340. "Systemic rights include those that are statutorily or constitutionally mandated, or are otherwise not optional, waivable or forfeitable by either party." *Laster v. State*, 202 S.W.3d 774, 777 (Tex. App.—San Antonio 2006, no pet.) (citing *Sanchez v. State*, 120 S.W.3d 359, 365–66 (Tex. Crim. App.2003); *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)). These rights are typically those that affect a court's jurisdiction. *Marin*, 851

S.W.2d at 279. The implementation of these rights is not optional and therefore, is neither waivable nor forfeitable by any party. *Id.*

Waivable rights are those a trial court has an independent duty to implement in the absence of an effective waiver by the defendant. *Id.* at 280. Waiver generally requires "voluntary relinquishment or abandonment of a known right." *Laster*, 202 S.W.3d at 777 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). For example, in *Mendez*, the court examined a defendant's right to plead not guilty. 138 S.W.3d at 343–50. Noting the Code of Criminal Procedure required the trial court to enter a plea of not guilty in the absence of a plea by the defendant, the court reasoned that the Code gave "the trial court a duty in the absence of action by the defendant" thereby creating "a defendant's right to a plea of not guilty that is a 'waivable right.'" *Id.* at 343. Consequently, no objection was required to preserve the complaint on appeal.

We hold the complaint raised by Olivarez is neither systemic nor waivable. *See Marin*, 851 S.W.3d at 270 (holding systemic rights are typically those that affect court's jurisdiction); *Mendez*, 138 S.W.3d at 343 (holding trial court had duty to enter not guilty plea as directed by statute even in absence of objection). The trial court's failure to make a finding that it would be in the best interest of society and Olivarez to be found guilty and removed from community supervision does not affect the trial court's jurisdiction. And, despite Olivarez's contention, such a failure does not render the trial court's judgment void. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (holding judgment of conviction is void when (1) charging instrument does not satisfy constitutional requisites, (2) trial court lacks subject matter jurisdiction over offense charged, (3) record establishes there is no evidence to support conviction, and (4) indigent defendant forced to face trial proceedings without counsel when right to counsel not

waived). Moreover, there is nothing in the Code of Criminal Procedure that mandates such a finding before a court may revoke community supervision and proceed to an adjudication of guilt, and therefore there was no need for an affirmative waiver by Olivarez with regard to a best interest finding in this context; it is not mandated by any statute. *See generally* TEX. CODE CRIM. PROC. ANN. art. 42.12. Accordingly, any right to the finding proposed by Olivarez was forfeitable, i.e., optional at the request of the defendant, and required compliance with Rule 33.1. *See Marin*, 851 S.W.2d at 279.

As noted above, Olivarez did not object to the trial court failure to make the finding that revocation was in the best interest of society and Olivarez, nor did he request such a finding. As this was a forfeitable right, Olivarez has not preserved this complaint for our review.

However, even if the complaint was preserved, we would find no merit to it. There is nothing in Article 42.12 that requires the finding proposed by Olivarez, either explicitly or implicitly, in the context of a revocation. Article 42.12, sections 5(b) and 23(a), which apply to revocations of community supervision and adjudications of guilt, state:

> On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided b in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. This determination is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilty had not been deferred.

TEX. CODE CRIM. PROC. art. 42.12, § 5(b).

> If community supervision is revoked after a hearing under Section 21 of the article, the judge may proceed to dispose of the case as if there had been no community supervision, or if the judge determines that the best interests of society and the defendant would be served by a short term of confinement, reduce the terms of confinement originally assess to any term of confinement not less

than the minimum prescribed for the offense of which the defendant was convicted.

*Id.* § 23(a).

Under the rules of statutory construction, a court must construe a statute according to its plain language unless the language is ambiguous or the interpretation would lead to unintended, absurd results. *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). We must focus on the literal text of the statutory language. *Id.* When a statute is clear and unambiguous, we must conclude the Legislature meant what it expressed, and it is not our place to add or subtract from such a statute. *Id.*

Olivarez has cited no authority, nor have we found any, that would mandate the finding he proposes. Moreover, the language of the revocation portions of article 42.12 are clear and unambiguous, and do not require the finding proposed by Olivarez. If the Legislature had intended the trial court to make a best interest finding before community supervision could be revoked and the defendant adjudicated, it certainly could have required it. The Legislature required a best interest finding before a defendant could be placed on deferred adjudication community supervision and before a trial court could reduce the original confinement terms in such a case. TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 5(b), 23(a). The Legislature chose not to impose such a requirement in instances of revocation, and we will not add such a requirement to the statute. *See Tapps*, 294 S.W.3d at 177.

### CONCLUSION

Based on the foregoing, we hold Olivarez has failed to preserve his complaint for our review and overrule his sole point of error. We further hold that even if preserved, a trial court is not required by the Code of Criminal Procedure to find that a revocation of community

supervision is in the best interest of society or the defendant before it may revoke.  Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Publish