

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00437-CR

Emilio Rodriguez **DE LA ROSA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0436
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  February 20, 2013

AFFIRMED

Emilio Rodriguez De La Rosa pled true to violating a condition of his deferred adjudication community supervision. The trial court found the violation true, adjudicated De La Rosa's guilt, and sentenced him to two years imprisonment. The sole issue raised in this appeal is whether Article 42.12, § 5(a) of the Texas Code of Criminal Procedure required the trial court to make an explicit finding that the best interest of society and De La Rosa would be served by

adjudicating De La Rosa's guilt instead of deferring further proceedings and continuing him on community supervision.[1]

This court has addressed this same issue in two recent decisions.[2] *See Sauls v. State*, Nos. 04-11-00861-CR & 04-11-00862-CR, 2012 WL 4577980 (Tex. App.—San Antonio Oct. 3, 2012, no pet.); *Olivarez v. State*, No. 04-11-00576-CR, 2012 WL 4373473 (Tex. App.—San Antonio Sept. 26, 2012, no pet.).  For the same reasons given in those decisions, we hold De La Rosa has not preserved this issue for our review.  *Sauls*, 2012 WL 4577980, at *2; *Olivarez*, 2012 WL 4373473, at *1–3.  Moreover, even if the issue had been preserved for our review, the issue is without merit since the trial court is not required to make the finding asserted by De La Rosa in adjudicating his guilt and revoking his community supervision.  *Sauls*, 2012 WL 4577980, at *2; *Olivarez*, 2012 WL 4373473, at *3.

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH

---

[1] Article 42.12, § 5(a) states, in pertinent part, "Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12 (West Supp. 2012).

[2] We note appellant's attorney was the attorney for the appellant in each of these prior appeals, and appellant's brief acknowledges this court's holding in *Sauls*.  We also note that no petition was filed seeking discretionary review of the two prior decisions, and mandate has issued in those appeals.