

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00399-CR

David Nicholas **GALLEGOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR6229
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  May 29, 2013

AFFIRMED

Pursuant to a plea bargain with the State, David Nicholas Gallegos pled guilty to possession of a controlled substance (penalty group 1) in the amount of less than 1 gram as a repeat offender. The trial court accepted the plea and placed Gallegos on deferred adjudication community supervision. The State subsequently filed a motion to adjudicate guilt, alleging Gallegos violated the terms of his supervision. After a hearing, the trial court found the allegations in the State's motion to be true, revoked Gallegos's community supervision, and

adjudicated him guilty. The court sentenced Gallegos to two years of confinement in the Institutional Division of the Texas Department of Criminal Justice and fined him $1,500.

In a single point of error, Gallegos contends the trial court erred by adjudicating his guilt without first making an express finding that the best interests of society and of appellant would be served by the court's action. Gallegos did not preserve this complaint for review because he did not bring it to the attention of the trial court. *See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Olivarez v. State*, 386 S.W.3d 329, 331-32 (Tex. App.—San Antonio 2012, no pet.). Moreover, as this court has repeatedly held, the trial court is not required to make such a finding when revoking community supervision and adjudicating guilt. *See De La Rosa v. State*, No. 04-12-00437-CR, 2013 WL 618735, at *1 (Tex. App.—San Antonio Feb. 20, 2013, no pet.) (mem. op., not designated for publication); *Sauls v. State*, 384 S.W.3d 862, 863-64 (Tex. App.—San Antonio 2012, no pet.); *Olivarez*, 386 S.W.3d at 332-33.

We therefore overrule Gallegos's point of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH