

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00228-CR

_____


JOHNNY HORACE MCCRAY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 13-0118X


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

On April 8, 2013, when police officers in Harrison County initiated a traffic stop of a white Chevrolet Suburban for speeding, it was being driven by Johnny Horace McCray, Jr., a convicted felon who had earlier been released from confinement. The vehicle also had three other occupants, at least one of which was intoxicated, and, notably, a loaded rifle beside the driver's seat. From that incident, McCray was convicted of unlawful possession of a firearm by a felon.[1] On appeal, McCray claims the evidence is insufficient to support positive findings on two elements of the offense, first, that he possessed the rifle at all and, second, that his release from confinement from his earlier felony was less than five years before this possession.

We affirm the trial court's judgment because (1) sufficient evidence supports a finding that McCray was released from confinement for his prior felony less than five years before this incident and (2) sufficient evidence supports a finding that McCray possessed the rifle.

In evaluating legal sufficiency of the evidence, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that McCray committed the offense of unlawful possession of a firearm by a felon. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). In our examination, we defer to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts

---

[1] Pursuant to the jury's finding of true to the State's enhancement allegations, McCray was sentenced to twenty-five years' imprisonment.

to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Here, the indictment alleged that McCray possessed a firearm April 8, 2013, and that McCray previously had been convicted August 2, 2011, of a felony offense.

> A person who has been convicted of a felony commits an offense if he possesses a firearm: (1) after the conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later . . . .

TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011). As stated, McCray contests on appeal only the elements of his possession and the timing thereof relative to his earlier release.

*(1)*    *Sufficient Evidence Supports a Finding that McCray Was Released from Confinement for His Prior Felony less than Five Years Before this Incident*

McCray argues that there is no evidence of the date of his release from the predicate felony offense of possession of a controlled substance. We disagree. The State introduced an August 2, 2011, judgment of conviction along with McCray's judicial confession of guilt, to prove the predicate felony conviction. On that date, the trial court sentenced McCray to one year's confinement in a state jail facility. However, McCray was given credit for time already

3

served from January 15, 2008, to March 6, 2008, and from September 4, 2010, to August 2, 2011. The judgment from the predicate felony established August 2, 2011, as the date of release from confinement.[2] Thus, the State established that the 2013 possession of a firearm occurred within five years of the 2011 date of release from confinement for the predicate felony conviction. We overrule this contention.

*(2)     Sufficient Evidence Supports a Finding that McCray Possessed the Rifle*

McCray argues that this evidence was legally insufficient to show his possession of the rifle. To support a conviction for possession of a firearm by a felon, the State must show that the accused exercised actual care, control, or custody of the firearm, that he was conscious of his connection with it, and that he possessed the firearm knowingly or intentionally. *See Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—

---

[2]Moreover, we have previously noted that Section 46.04 of the Texas Penal Code does not "necessarily require proof of the date of release from confinement in all cases." *Fagan v. State*, 362 S.W.3d 796, 799 (Tex. App.—Texarkana 2012, pet. ref'd) (quoting *Tapps v. State*, 257 S.W.3d 438, 445 (Tex. App.—Austin 2008), *aff'd on other grounds*, 294 S.W.3d 175 (Tex. Crim. App. 2009)). As explained in both *Fagan* and *Tapps*,

> "Under section 46.04, the period during which firearm possession by a felon is forbidden begins on the date of conviction (the date one is 'convicted of a felony') and ends on the fifth anniversary of the person's release from confinement or the person's release from any form of supervision or parole, whichever date is later. Thus, the minimum period that a felon will be prohibited from possessing a firearm—assuming the felon is released from confinement or supervision on the date of conviction or is never confined—is five years from the date of conviction. The date of release from confinement is necessary to determine the maximum length of this period specifically when the period extends beyond five years from the date of conviction. The date of release from confinement is not necessary when the alleged possession occurs within five years of the date of conviction because the period of prohibition extends for this duration in any event."

*Id*. (quoting *Tapps*, 257 S.W.3d 445). In other words, if the State proves that the conviction was within the minimum five-year period mentioned above, additional proof of the date of release from confinement is unnecessary.

Texarkana 1998, pet. ref'd)).[3]   The evidence used to satisfy these elements may be direct or circumstantial, but must "establish that the accused's connection with the firearm was more than just fortuitous." *Id.*

At trial, McCray testified that the white Suburban he was driving belonged to his girlfriend, Tosha Johnson, and that he had not recently driven the vehicle before the incident. McCray claimed that he drove the Suburban on the day of his arrest because his Jeep was in the shop.   He further testified that he was surprised to discover that there was a rifle in the car, he had no idea how the rifle got there, and he did not tell officers that he found the rifle.   McCray denied that the rifle belonged to him and told the jury that Bruce Hicks admitted to ownership of the weapon.   McCray further testified that he did not know why Hicks put his rifle in the Suburban.

During cross-examination, the State established that McCray, who was on dialysis, was required to take a medication called Renvela with every meal.   Although McCray told the jury he had not recently driven Johnson's vehicle before the night of his arrest, McCray's medication was found in the glove compartment beside the rifle shells.   McCray claimed that the medication was old.

If "the firearm is not found on the accused's person or is not in the accused's exclusive possession, additional facts must affirmatively link the accused to the contraband." *Id.*; *James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).   This rule

---

[3]"Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control."  TEX. PENAL CODE ANN. § 6.01(b) (West 2011).

protects the innocent bystander—such as a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to a firearm belonging to someone else. *See Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006); *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd).

The State may establish possession by proving links which demonstrate that the accused "was conscious of his connection with the weapon and knew what it was." *James*, 264 S.W.3d at 219. Several nonexclusive factors may establish such a link, including whether

> (1) the contraband was in plain view; (2) the defendant was the owner of the vehicle in which the contraband was found; (3) the defendant was in close proximity and had ready access to the contraband; (4) the contraband was found on the same side of the vehicle as the defendant; (5) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (6) the defendant had a special connection or relationship to the contraband; (7) the place where the contraband was found was enclosed; (8) occupants of the automobile gave conflicting statements about relevant matters; (9) the defendant was the driver of the vehicle in which the contraband was found; (10) contraband was found on the defendant; (11) the defendant attempted to flee; and (12) affirmative statements connect the defendant to the contraband, including incriminating statements made by the defendant when arrested.

*Williams v. State*, 313 S.W.3d 393, 397–98 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see James*, 264 S.W.3d at 219; *Davis*, 93 S.W.3d at 668; *see also Evans*, 202 S.W.3d at 162 & n.12. "It is not the number of links that is dispositive, but rather the logical force of all of the evidence, direct or circumstantial." *Williams*, 313 S.W.3d at 398. "The absence of various links does not constitute evidence of innocence to be weighed against the links present." *Id.*

Here, the evidence showed that, although McCray's girlfriend owned the Suburban, McCray had a right to use it and was driving the vehicle before his arrest. The rifle was situated

in plain sight on the front driver's side of the vehicle in very close proximity to McCray. According to Perkins and Jones, McCray claimed that he picked up the rifle at a car wash, but Young denied that the group had been to a car wash. Although no contraband was found on McCray's person, rifle shells were found in the glove compartment right beside McCray's medication, and an open liquor bottle was found in the front middle console. We find that the evidence established substantial links between McCray and the rifle recovered during the search. More importantly, we find that the logical force of these links, taken together, had a very strong tendency to connect McCray to the firearm.

McCray's denial of the ownership of the rifle required a resolution of conflicting evidence, as well as an evaluation of witness credibility and the weight to be given to their testimony. These are functions left to the jury's sole discretion. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997). In light of the State's cross-examination of McCray, the jury was free to reject McCray's self-serving testimony, which failed to explain why McCray, who knew that he was a convicted felon, chose to drive around with the rifle by his side. Thus, the logical force of the evidence supports an inference of conscious possession of the firearm.

Legally sufficient evidence supported the jury's finding that McCray committed the offense of felon in possession of a firearm.

We affirm the trial court's judgment.



                                                  Josh R. Morriss, III
                                                  Chief Justice

Date Submitted:        April 22, 2014
Date Decided:          May 23, 2014

Do Not Publish