# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00783-CR

**Edward Donovan Cornelison, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 69736, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Edward Donovan Cornelison pleaded guilty to theft of aluminum valued at under $20,000. *See* Tex. Penal Code § 31.03(e)(4)(F)(i). The trial court accepted Cornelison's plea, convicted him of the offense alleged, and sentenced him to twenty months' confinement in a state jail facility. On appeal, Cornelison asserts that his guilty plea was involuntary because he received ineffective assistance of counsel. We affirm the trial court's judgment.

## DISCUSSION

In his sole issue on appeal, Cornelison argues that his guilty plea was involuntary because his trial counsel failed to advise him that he could not be convicted of theft of aluminum. Specifically, Cornelison asserts that theft of aluminum is "an offense applicable [only] to those in the metal recycling business," and because Cornelison was not employed or involved in the metal

recycling business, he could not be convicted of this offense. Therefore, according to Cornelison, his counsel was deficient for advising Cornelison to plead guilty.

When a defendant challenges the voluntariness of a guilty plea on the basis of ineffective assistance of counsel, the voluntariness of his plea depends on (1) whether counsel's advice was within the range of competence demanded and, if not, (2) whether there is a reasonable probability that, but for the ineffective assistance, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Ex parte Niswanger*, 335 S.W.3d 611, 615 (Tex. Crim. App. 2011); *see also Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (establishing test for determining when counsel is ineffective). To demonstrate that trial counsel's advice was deficient—and therefore not within the range of competence demanded—the defendant must prove by a preponderance of the evidence that the counsel's advice "fell below an objective standard of reasonableness." *Ex parte Ali*, 368 S.W.3d 827, 833 (Tex. App.—Austin 2012, pet. ref'd) (internal quotations omitted). Our review of counsel's performance must be highly deferential; we presume that counsel makes all significant decisions in the exercise of reasonable judgment. *Strickland*, 466 U.S. at 689.

In this case, Cornelison was convicted of theft of aluminum valued at less than $20,000. Section 31.03(e)(4) of the Penal Code provides, in relevant part, that a theft is a state jail felony if:

(F) the value of the property stolen is less than $20,000 and the property stolen is:

(i) aluminum;

(ii) bronze;

(iii) copper; or

(iv) brass.

Tex. Penal Code § 31.03(e)(4)(F). Nothing in the language of section 31.03 indicates that the above provision applies only to persons involved in metal recycling businesses.

Nevertheless, Cornelison asserts that the most recent amendment to section 31.03 of the Penal Code indicates that the legislature intended subsection 31.03(e)(4)(F) to apply only to those involved in the metal recycling business. *See* Act of May 31, 2011, 82d Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3302, 3311. This amendment added "brass" to the list of metals that, if stolen, would enhance a theft to a state jail felony. *See id.* Cornelison argues that the "bill amending the theft subsection was part of a comprehensive series of laws aimed at regulating metal recycling businesses," that the majority of that series of laws was aimed at registering and regulating metal recycling businesses, and that therefore section 31.03(e)(4)(F) should be understood to apply only to those involved in the metal recycling business. *See id.* at 3302–08 (amending Occupations Code to require metal recycling businesses to register business and report purchases of regulated metals).

"Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (internal quotations omitted). Nothing in the language of the section 31.03 indicates that subsection (e)(4)(F) applies only to those involved in metal recycling businesses. Furthermore, Cornelison does not assert that the statutory language is ambiguous or leads to an absurd result.

3

The plain language of the statute makes clear that conviction for theft of aluminum is not limited to those involved in metal recycling businesses, and we need not look to the legislative history of the statute to discern the legislature's intent. *See Nguyen v. State*, 359 S.W.3d 636, 642 (Tex. Crim. App. 2012) (noting that if statute is clear and unambiguous, "our analysis ends because the Legislature must be understood to mean what it has expressed") (internal quotations omitted).

Given our conclusion that a conviction for theft of aluminum is not limited to those involved in metal recycling businesses, Cornelison's trial counsel was not deficient for failing to advise Cornelison that he could not be convicted for this offense. Therefore, Cornelison has failed to satisfy the first prong of his ineffective-assistance-of-counsel claim, and thus he has not shown that his guilty plea was involuntary based on ineffective assistance of counsel. *See Niswanger*, 335 S.W.3d at 615. We overrule Cornelison's sole appellate issue.

## CONCLUSION

Having overruled Cornelison's only issue on appeal, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed: August 14, 2014

Do Not Publish