

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0577-23

---

## CHARLES BRADSHAW, Appellant

### v.

## THE STATE OF TEXAS

---

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## McLENNAN COUNTY

McCLURE, J., delivered the opinion of the Court in which KELLER, P.J., HERVEY, RICHARDSON, NEWELL, WALKER, and SLAUGHTER, JJ., joined. YEARY, J., filed a concurring opinion. KEEL, J., concurred.

### <u>O P I N I O N</u>

This is a case about $52.

It is also a case about a conflict between two statutes: one in the Texas Local Government Code and the other in the Texas Government Code. Appellant was convicted

of aggravated sexual assault of a child, committed on July 8, 2019, and sentenced to twenty-five years' imprisonment. *See* TEX. PENAL CODE 22.021. The judgment was entered on October 20, 2022, and a $185 consolidated court cost was assessed the following day, in accordance with the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. arts. 42.15, 42.16. In this case, Appellant argues the court cost reflected in the bill of costs should be reduced from $185 to $133 due to changes in the Cost Act statute. We disagree.

Before June 2013, many statutes governing court costs and fees were applied according to either the date of the offense or the date of conviction. In June 2013, TEX. GOV'T CODE § 51.608 simplified the collection of court costs by implementing an across-the-board conviction-date-controls rule in district courts. In 2019, the Legislature amended LOC. GOV'T CODE § 133.102(a)(1) (the "Cost Act") to increase the statewide court cost in a felony case to $133 from $185. Acts 2019, 86th Leg., ch. 1352 (S.B. 346), § 1.03, eff. Jan. 1, 2020.

When enacting the Cost Act, the Legislature specifically included a "Transition and Effective Date" clause. This clause provided that the change to the statute applied to a cost for "an offense committed on or after the effective date of this Act." Acts 2019, 86th Leg., ch. 1352 (S.B. 346), §§ 5.01, 5.04, eff. Jan. 1, 2020. An offense committed before the effective date of the Cost Act is governed by the prior cost in effect. *Id*.

Appellant committed the offense on July 8, 2019. On appeal, Appellant argued, among other things, that the state consolidated court cost assessment of $185 should be reduced to the "old" amount of $133 because the offense was committed prior to January

1, 2020. The State conceded that the applicable statute, the one under which costs should be assessed, was the statute in effect on the date of the offense. Both parties agreed that the offense date controls, and the bill of costs should be reformed to reflect the lesser, pre-January 1, 2020, amount of $133.

The court of appeals agreed in part. The court recognized that the charged offense was committed before January 1, 2020. Therefore, according to the "Transition and Effective Date" clause, the Cost Act that applies is the act that was in effect on July 18, 2019 (the date the offense was committed). The Cost Act on that date provided for a fee of $133.

However, rather than applying the Transition and Effective Date clause and ending the matter there, the court below determined that another law was also in effect on the date the offense was committed. Even though neither of the parties raised this other statute, the court of appeals found that Section 51.608 of the Texas Government Code ("Imposition of Court Costs in Criminal Proceedings") was the governing law in effect on the date the offense was committed and also applied to the court cost determination. That section states:

> Notwithstanding any other law that establishes the amount of a court cost collected . . . the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under law in effect on the date the defendant is *convicted* of the offense.

TEX. GOV'T CODE § 51.608 (effective June 14, 2013) (emphasis added). The court of appeals continued that the Imposition of Court Costs in Criminal Proceedings statute unambiguously states that the amount of court costs must be based on the law "in effect" on the date of *conviction*. Because the trial court signed Appellant's judgment of conviction

on October 20, 2022, the "new" Cost Act applies, and the amount of state consolidated court costs owed is $185. The majority held that the higher cost of $185 applies because the date of conviction (October 22, 2022) controls, not the date the offense was committed (July 8, 2019). Therefore, the court of appeals held that the Imposition of Court Costs in Criminal Proceedings statute "trumps" the 2020 "Transition and Effective Date" clause in the Cost Act. The court concluded the trial court properly assessed the $185 fee under the current version of section 133.102 of the Local Government Code.

Chief Justice Gray dissented and would have modified the judgment to reduce the cost to $133 as the parties have agreed and criticized the majority for construing § 51.608 to negate § 133.102(a)(1). *Bradshaw*, 675 S.W.3d at 86 (Gray, C.J., dissenting). First, he pointed out that § 51.608 was enacted six years before § 133.102(a)(1). Second, he noted that there is a "growing split" in authority between the courts of appeals that have addressed this issue.

Appellant likewise notes the split between the courts of appeals. Here, the 10th Court of Appeals joined the 11th Court of Appeals by holding the conviction date controls the assessment. See *Hayes v. State*, No. 11-21-00251-CR (Tex. App.—Eastland 2023, no pet. h.) (not designated for publication) (Government Code § 51.608's conviction date controls). Appellant suggests this Court should follow the 5th, 6th, 12th, and 14th Courts' precedent, which have not only held the offense date controls the assessment but have done so in published and unpublished opinions. *Shuler v. State*, 650 S.W.3d 683 (Tex. App.— Dallas 2022, no pet.); *Junior v. State*, 676 S.W.3d 228 (Tex. App—Houston [14[th]] 2023,

no pet.)[1]; *Garrett v. State,* No. 06-23-00077-CR (Tex. App.—Texarkana 2023, no pet.)(not designated for publication); *Boren v. State*, No. 09-22-00289-CR (Tex. App.—Beaumont 2023, no pet) (not designated for publication); *see also Hayes v. State*, No. 12-20-00222-CR (Tex. App.—Tyler Apr. 14, 2021, no pet.) (not designated for publication) (citing to Loc. Gov't Code Ann. § 134.101, and holding Local Consolidated Fee only applies to defendants who are convicted of offenses committed on or after January 1, 2020.)

We granted review to resolve this conflict between the courts as to the operation of the plain text of S.B. 346's "Transition and Effective Date" clause in § 5.01 and the Imposition of Court Costs in Criminal Proceedings statute in Gov't Code § 51.608. Therefore, we are tasked with answering the question of whether the effective date and its relevant time frame affect the amount of the court costs.

## LAW

Statutory construction is a question of law, which we review *de novo. Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009). We first look to the statute to determine if its language is plain. We presume that the legislature intended for every word to have a purpose, and we should give effect if reasonably possible to each word, phrase, and clause of the statutory language. *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). We read "[w]ords and phrases . . . in context and constru[e] [them] according to the rules of grammar and usage." *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999). If the language of the statute is plain, we follow that language unless it leads to

---

[1] Incorrectly styled as *Rhodes* in Lexis.

absurd results that the legislature could not have possibly intended. When the plain language leads to absurd results, or if the language of the statute is ambiguous, we consult extra-textual factors to discern the legislature's intent. *Boykin v. State*, 818 S.W.2d 782, 785-86 (Tex. Crim. App. 1991). The seminal rule of statutory construction is to presume that the legislature meant what it said. *Seals v. State*, 187 S.W.3d 417, 421 (Tex. Crim. App. 2005). In adhering to this rule, we show our respect for the legislature and recognize that if it enacted into law something different from what it intended, it should amend the statute to conform to its intent. *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) (citing *Lamie v. United States Trustee*, 540 U.S. 526, 542, 124 S. Ct. 1023, 1034, 157 L. Ed. 2d 1024 (2004) ("It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result.")).

In this case we must construe both the enabling language in the Cost Act (date the offense was committed) and the Imposition of Court Costs statute (date the defendant is convicted). Before we can address this issue, we review the applicable statutes. Relevant here, in 2019, the Cost Act increased the amount of state consolidated court costs on a felony conviction from $133 to $185. *See* Tex. Loc. Gov't Code § 133.102(a)(1) (providing that person convicted of a felony shall pay as a court cost $185); *see also* Act of June 16, 2003, 78th Leg., R.S., ch. 209 § 62(a), 2003 Tex. Gen. Laws 979, 996 (former TEX. LOC. GOV'T CODE § 133.102) (providing that person convicted of a felony shall pay as court cost $133). Regarding its effective date of January 1, 2020, the Act provides:

> Except as otherwise provided by this Act, the changes in law made by this Act apply only to a cost, fee, or fine on conviction for an offense committed

on or after the effective date of this Act. *An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.*

*Id.* § 5.01, 2019 Tex. Gen. Laws 3982, 4035-36 (emphasis added).

The court below agreed with the parties that the Cost Act, effective January 1, 2020, increased the amount of the state consolidated court cost on a felony conviction from $133 to $185. The court below also agreed with the parties that the enabling language for the Act says that it applies only to costs on conviction "for an offense committed on or after the effective date of" the Act. Offenses committed before the effective date of the Act are "governed by the law in effect on the date the offense was committed." Appellant committed his offense on July 8, 2019, at which time the state consolidated court cost for a felony conviction was $133. According to the dissenting opinion and Appellant, this should be the end of the matter.

However, ending the matter here fails to adhere to the statute's requirement that we review the law in effect on the date the offense was committed. The law governing court costs on the date the offense was committed included section 51.608 of the Texas Government Code, *Imposition of Court Costs in Criminal Proceedings*, which provides:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding *based on the law in effect on the date the offense was committed*, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the *date the defendant is convicted of the offense*.

Tex. Gov't Code § 51.608 (effective June 14, 2013). This section states that the amount of court costs must be based on the law "in effect" on the *date of conviction.* Appellant's conviction was October 20, 2022, at which time the Act had increased the amount for consolidated court cost for a felony to $185.

Based on a plain reading of the statute, we agree with the court of appeals that § 51.608 trumps the 2020 "Transition and Effective Date" clause in the Cost Act. This can be visualized as follows:

**COST ACT § 133.102**
**Transaction and Effective Date § 5.01**

Was the offense committed before 1/1/2020?

YES.
Court costs are governed by the law in effect on the date the offense was committed: § 51.608 **(**Imposition of Court Costs in Criminal Proceedings) which states that court costs are based on the date the defendant is convicted of the offense.

Was the conviction date before 1/1/2020?

NO.
Court costs are governed by the Cost Act.

Court cost is $185.

YES.
Former version of the Cost Act applies.

Court cost is $133.

NO.
Current version of the Cost Act applies.

Court cost is $185.

It appears that the 2020 "Transition and Effective Date" applies only to the subset of cases in which a defendant commits an offense <u>and</u> is convicted before 1/1/2020. But anyone who committed an offense before 1/1/2020 but is convicted after 1/1/2020, such as Appellant, is subject to the current version of the Cost Act. This application looks like this:



While this plain-reading-of-the-statute-interpretation is consistent with the language of the provision, it is oddly circular. The enabling language in the Cost Act appears to have been designed to prohibit a retroactive application of the Cost Act. And yet, when considered along with § 51.608, it applies retroactively. In other words, the date of the offense is never considered because the law in effect at the time prior to the effective date of the Cost Act was keyed to the date of conviction. Therefore, the Transaction and Effective clause has no effect on the subset of defendants, such as Appellant, who committed an offense before 1/1/2020 but were convicted of said offense after 1/1/2020.

The concurring opinion inaccurately portrays this analysis as "essentially reading the "Transition and Effective Date" provision of the 2019 amendment into oblivion." Concurring Opinion at 2-3. This is incorrect. The plain text reading of the statute gives effect and harmonizes both statutes by providing for a small subset of defendants to be charged under the old law. Otherwise, ignoring § 51.608 would result in the total retroactive application of the Cost Act, rendering the "Transition and Effective Date" superfluous. This interpretation would indeed be absurd.

The concurring opinion also misstates our analysis by wrongly stating that we find these provisions "irredeemably incompatible." Concurring Opinion, p. 4. Instead, this opinion says the opposite: because of the small group of defendants who are subject to the old law, we are not "wholly sacrificing one of the two provisions," but instead, reconciling the "Transaction and Effective Date" with § 51.608. Concurring Opinion, p. 4.

Ultimately, in the final paragraph, the concurring opinion adopts our analysis by seemingly applying the flowchart found in this opinion on page 8 and comes to the same conclusion as we do: by harmonizing both statutes, Appellant is a part of the small subset of defendants that are subject to the old law.

The Legislature knows how to create savings clauses and effective dates. They also know how to repeal statutes. And we presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). But most importantly, we are to presume that the Legislature intended for the entire statutory scheme

to be effective. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012) (in construing plain language in statute, court may look to other provisions within entire "statutory scheme" rather than merely single, discrete provision at issue); *see* TEX. GOV'T CODE § 311.021(2).

Since the plain language here is clear and unambiguous, our analysis ends because the Legislature must be understood to mean what it has expressed. *Nguyen v. State*, 359 S.W.3d 636, 642 (Tex. Crim. App. 2012). It is not for us to "add or subtract from such a statute." *Id*.

## CONCLUSION

The law governing court costs on the date the offense was committed states the court costs are determined based on the date the defendant is convicted of the offense. TEX. GOV'T CODE section 51.608. Because Appellant was convicted on October 20, 2022, his state consolidated court costs are $185. We affirm the judgment of the court of appeals.

Delivered: December 18, 2024

Publish