

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00067-CR

JOHAUN DUPREE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 41,550-A

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

O P I N I O N

Following a trial to the bench, Johaun Dupree was convicted of possession of a weapon in a prohibited place—more specifically, possession of a firearm on the campus of Kilgore College. *See* TEX. PENAL CODE ANN. § 46.03(a), (a)(1) (West 2011). On appeal, Dupree argues (1) that the evidence was insufficient to support his conviction and (2) that the trial court erred in failing to grant him a new trial due to his lack of competence at the time the case was tried. Because we find the evidence legally insufficient, we reverse Dupree's conviction.

## I. The Law

Section 46.03 of the Texas Penal Code, under which Dupree was prosecuted, states,

> (a) A person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with a firearm, illegal knife, club, or prohibited weapon listed in Section 46.05(a):
>
> > (1) on the physical premises of a school or educational institution, any grounds or building on which an activity sponsored by a school or educational institution is being conducted, or a passenger transportation vehicle of a school or educational institution, whether the school or educational institution is public or private, unless pursuant to written regulations or written authorization of the institution . . . .

*Id.* The word "premises," as used in Section 46.03(a)(1), means "a building or a portion of a building. The term does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." TEX. PENAL CODE ANN. § 46.03(b)(1) (West 2011), § 46.035(f)(3) (West Supp. 2013).

## II. The Evidence

The indictment against Dupree alleged that he "intentionally or knowingly possess[ed] or [went] with a firearm, on the physical premises of an educational institution, namely Kilgore

2

College." Dupree argues that there is no evidence that he entered a building or a portion of a building and that, consequently, the evidence is insufficient to support his conviction. After thoroughly examining the evidence, we agree; there is simply no evidence in the record that Dupree entered a building or a portion of a building on the Kilgore College campus while possessing a handgun.

Two Kilgore College students, William Abt and Brandon Demings, testified that, on the night of April 4, 2012, Dupree confronted them with a pistol on the campus. At trial, Abt and Demings identified Dupree as the man that confronted them.[1] Video recordings from April 4 captured by different security cameras located on the Kilgore College campus show a person matching Dupree's description at various locations around the campus. One video recording depicts Dupree sitting on a retaining wall behind a group of students. The video recording also shows Abt approaching the group of students and, shortly thereafter, the students leaving the area. Abt testified that, when he approached the students, he informed them that the individual sitting behind them had a gun. This same video recording also captured Dupree walking on a retaining wall and then walking on a grassy area near the retaining wall.

Demings, who was a resident assistant for one of the Kilgore College dormitories, testified about efforts to corral students and move them away from Dupree and toward safety. He generally identified the on-campus locations where he observed Dupree on April 4, but there is nothing in his testimony that even suggests Dupree entered a building or a portion of a

---

[1]Another student, Breylin Wilson, provided a description of the suspect's clothing that was consistent with the descriptions provided by other witnesses, but Wilson stated that his focus was on the gun, even though he saw the suspect's eyes.

building.  Similarly, Wilson testified that he saw Dupree twice, once in a parking lot and once running between some buildings.  During Abt's testimony, he indicated on a campus map where he and Wilson encountered Dupree on a grassy area.  Neither the trial testimony nor the video-recorded surveillance footage places Dupree in a building or a portion of a building.  The State candidly acknowledges that it failed to prove that Dupree entered any building or portion of a building on campus.[2]

## III.  Analysis

### A.  Standard of Review

In evaluating a legal sufficiency challenge, we must review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found, beyond a reasonable doubt, that Dupree was guilty of possession of a weapon in a prohibited place.  *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App.

---

[2]The State concedes that reversal is required if the statute requires proof that Dupree possessed a firearm in a building.

1997).  The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried."  *Id.*  To prove that Dupree possessed a weapon in a prohibited place, the State was required to prove that (1) he (2) intentionally or knowingly (3) possessed a firearm (4) on the physical premises of an educational institution.

## B.     Statutory Construction

Dupree argues that the actions he took on April 4, 2012, do not violate Section 46.03 of the Texas Penal Code.  He urges an interpretation of Section 46.03 under which only the possession of a prohibited weapon in a building or portion of a building is criminal conduct.[3]

The Texas Court of Criminal Appeals, delineating the approach courts should use in construing the meaning of Texas statutes, has stated,

> "Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended."  To do so, we focus on the literal text of the statutory language in question, reading it in context and construing it "according to the rules of grammar and common usage."  In an attempt to discern the fair, objective meaning of the text at the time of its enactment, "[w]e assume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible."   "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed,

---

[3]The indictment against Dupree alleges that he committed the charged crime in a singular, specific manner—possessing a firearm on the physical premises of an educational institution.  Consequently, the State was required to establish that Dupree violated the statute in the manner alleged in its indictment.  *See Gollihar v. State*, 46 S.W.3d 243, 254–55 (Tex. Crim. App. 2001) (when statute defines alternative means of committing element of crime and indictment alleges only one alternative, hypothetically correct jury charge must track alternative alleged in indictment); *see also Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011) (where State unnecessarily pleads statutory definition that narrows means of committing offense, pled definition/narrowed means become controlling law of case and must be proven beyond reasonable doubt).

and it is not for the courts to add or subtract from such a statute." It is only "[w]hen the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended," that a court, out of absolute necessity, may stray from applying the literal language and resort to such extra-textual factors as legislative history, intent, or purpose.

*Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (footnotes omitted) (citations omitted).

The plain meaning of the phrase "building or a portion of a building" is clear and unambiguous. *See id.* While the meaning most typically ascribed to the term "premises" would likely include more than a building or a portion of a building, our inquiry is not whether the Legislature's definition of premises comports with ordinary usage; rather, we are to determine if the plain meaning of the Legislature's definition is clear and unambiguous. We find that it is.

As further support for this interpretation, we look to the second sentence of the definition of "premises," which unambiguously establishes that the term premises does not include "any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." TEX. PENAL CODE ANN. §§ 46.03(b)(1), 46.035(f)(3). It is clear, then, that the possession of a firearm on a street, sidewalk, or parking lot, or even in a parking garage—which may well be a building—is not a violation of Section 46.03 of the Texas Penal Code. We find nothing in this portion of the statutory definition of premises to suggest that we should deviate from the plain meanings of the words "building or a portion of a building."

Finally, the Texas Court of Criminal Appeals instructs that we are to construe the words of a statute using their plain meaning unless such a construction would lead to absurd results or consequences clearly unintended by the Legislature. *Ramos v. State*, 303 S.W.3d 302, 307 (Tex.

6

Crim. App. 2009). While the purpose behind the Legislature's differentiation between possession of a prohibited weapon in a building or a portion of a building on a school campus, on the one hand, and possession on the grounds and common areas of a school campus, on the other, may not be readily apparent, such policy decisions are the sole province of the Legislature. Whether this statute is good public policy is subject to differing opinions, but it cannot be said that the result of the legislation is absurd or leads to consequences unintended by the Legislature. The legislative enactment is clear and unambiguous; we must construe the language of the statute as it is plainly written. Since there is no evidence that Dupree possessed the firearm in a building or a portion of a building on the campus of Kilgore College, the evidence is legally insufficient to support his conviction. Since this issue is dispositive, we need not address other issues raised.

We reverse the conviction, discharge Dupree, and render a judgment of acquittal.


Jack Carter
Justice


Date Submitted: March 19, 2014
Date Decided: May 16, 2014

Publish

7