

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00138-CR

**BONNIE ALLEN THOMAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 18th District Court
Johnson County, Texas
Trial Court No. F50926**

## MEMORANDUM OPINION

Appellant Bonnie Allen Thomas was convicted of carrying a weapon in a prohibited place and sentenced to five years' probation. Thomas challenges her conviction in five issues. We will affirm.

### Background

The underlying facts are not in dispute. Thomas appeared before 18th Judicial

District Court Judge John E. Neill[1] in a family-law matter. After a status hearing, Judge Neill verbally ordered Thomas and her ex-husband to surrender their firearms to their respective attorneys. Thomas informed the trial court that she owned and/or possessed only one firearm. Thomas surrendered that weapon to her attorney, who filed an affidavit acknowledging the same with the trial court on August 31, 2015.

Thomas subsequently told her lawyer that she was in possession of another firearm. On October 21, 2015, Thomas entered the Guinn Justice Center carrying the firearm inside her purse. Thomas went through security screening and walked toward the elevators before being stopped by security officers, who asked her to return to the screening area. The officer escorting Thomas back to the security station told Thomas that he needed to search her purse. As the officer reached for Thomas's purse, she ran through the metal detector and out the front doors. One of the security officers detained Thomas as she reached the bottom of the front steps. The security officers then recovered a .22 caliber revolver from Thomas's purse. Thomas was placed under arrest.

### Issues

Thomas presents the following issues:[2]

1.   Testimony by the recused trial judge created prejudicial error.

2.   The State failed to establish recklessness because the alleged underlying "order" was void and not properly proved.

---

[1] Although initially assigned to Thomas's criminal case, Judge Neill recused himself. Judge Neill was appointed and sworn in as a Justice to the Tenth Court of Appeals on February 20, 2019. Justice Neill recused himself from this matter on April 5, 2019.

[2] The issues listed in the "Issues Presented" section of Thomas's brief do not coincide with the issues listed in the table of contents or in the headings included in the "Argument" section. To the extent additional issues are raised in the "Issues Presented" section, they are not properly briefed and are overruled.

3.      The State failed to establish a violation of § 46.03(a)(3) of the Texas Penal Code as worded.

4.      Section 46.03(a)(3) of the Texas Penal Code is unconstitutionally void for vagueness.

5.      Section 46.03(a)(3) of the Texas Penal Code, as applied, violates the separation of powers clause in the Texas Constitution.

*Discussion*

A.  Constitutionality of § 46.03.  We begin with Thomas's final three issues that relate to the constitutionality and application of § 46.03 of the Penal Code.  TEX. PENAL CODE ANN. § 46.03.  In her fourth issue, Thomas asserts that § 46.03 is unconstitutionally vague.  Thomas asserts in her fifth issue that an edict by the sitting judges of Johnson County that applied § 46.03 to the Guinn Justice Center violated the separation of powers clause of the Texas Constitution.  In her third issue, Thomas argues that the State failed to establish a violation of § 46.03 because the language of the statute does not apply to the entryway to the Guinn Justice Center and that the attempt by the sitting judges to change the definition of "premises" is void and invalid.

Section 46.03 provides, in pertinent part:  "A person commits an offense if the person intentionally, knowingly, or recklessly possesses or goes with a firearm … on the premises of any government court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court. . . ."  *Id*. § 46.03(a)(2).  Section 46.035(f)(3) defines "premises" as "a building or a portion of a building.  The term does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area."  *Id*. § 46.035(f)(3).

When the constitutionality of a statute is attacked, the reviewing court commences with the presumption that the statute is valid and that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015); *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden is upon the party challenging a statute to establish its unconstitutionality. *Peraza*, 467 S.W.3d at 514. "We must seek to interpret a statute such that its constitutionality is supported and upheld." *Id.* If a statute is capable of two constructions, "one of which sustains its validity, the courts will give to it the interpretation that sustains its validity." *Granviel*, 561 S.W.3d at 511.

A facial challenge is an attack on a statute itself as opposed to a particular application. *Peraza*, 467 S.W.3d at 514 (quoting *City of Los Angeles v. Patel*, —– U.S. —–, —–, 135 S.Ct. 2443, 2449, 192 L.Ed.2d 435 (2015)). We have articulated how we review a facial challenge:

> To prevail on a facial challenge to a statute, a party must establish that the statute *always* operates unconstitutionally in *all* possible circumstances. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992). Whether a statute is facially unconstitutional is a question of law that we review *de novo*. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

*Gerron v. State*, 524 S.W.3d 308, 316 (Tex. App.—Waco 2016, pet. ref'd). The party facially challenging a statute must establish that the statute "could never be constitutionally applied to any defendant under any set of circumstances." *Rosseau*, 396 S.W.3d at 557.

1. Vagueness. Thomas first asserts that § 46.03 is unconstitutionally vague. Assuming without deciding that Thomas has preserved both an actual and facial constitutional claim, we find that the statute passes constitutional muster. Thomas specifically argues that the definition of "premises" is insufficient to provide notice of what the statute prohibits.

A statute is unconstitutionally vague if "its prohibitions are not clearly defined." *State v. Markovich*, 77 S.W.3d 274, 279 (Tex. Crim. App. 2002) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972)). A reviewing court should use the following analysis in construing the meaning of a Texas statute:

> Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended. To do so, we focus on the literal text of the statutory language in question, reading it in context and construing it according to the rules of grammar and common usage. In an attempt to discern the fair, objective meaning of the text at the time of its enactment, we assume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute. It is only when the application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, that a court, out of absolute necessity, may stray from applying the literal language and resort to such extra-textual factors as legislative history, intent, or purpose.

*Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009) (internal quotation marks, footnotes, and citations omitted).

> "A statute is void for vagueness if it fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not permit arbitrary and discriminatory enforcement." *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex.

Crim. App. 2007). Because a party must show that the law is impermissibly vague in all of its applications, "a plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

*Gerron*, 524 S.W.3d at 316. [3]

As noted, § 46.035(f)(3) defines "premises" as "a building or a portion of a building. The term does not include any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." The Texarkana Court has noted that "[t]he plain meaning of the phrase 'building or a portion of a building' is clear and unambiguous." *Dupree v. State*, 433 S.W.3d 788, 792 (Tex. App.—Texarkana 2014, no pet.)

> The plain meaning of the phrase "building or a portion of a building" is clear and unambiguous. *See id.* While the meaning most typically ascribed to the term "premises" would likely include more than a building or a portion of a building, our inquiry is not whether the Legislature's definition of premises comports with ordinary usage; rather, we are to determine if the plain meaning of the Legislature's definition is clear and unambiguous. We find that it is.
>
> As further support for this interpretation, we look to the second sentence of the definition of "premises," which unambiguously establishes that the term premises does not include "any public or private driveway, street, sidewalk or walkway, parking lot, parking garage, or other parking area." TEX. PENAL CODE ANN. §§ 46.03(c)(1), 46.035(f)(3). It is clear, then, that the possession of a firearm on a street, sidewalk, or parking lot, or even

---

[3] Thomas argues that *Hoffman* requires a more stringent test when a law inhibits the exercise of a constitutionally protected right, such as, in this case, her Second Amendment right to bear arms. *Hoffman*, 455 U.S. at 499. However, the more stringent application appears to be limited to the implication of First Amendment rights. *See Wagner v. State*, 539 S.W.3d 298, 313-14 (Tex. Crim. App. 2018); *Lo*, 424 S.W.3d at 15 ("The Supreme Court applies the 'most exacting scrutiny to regulations that suppress, disadvantage, or impose differential burdens upon speech because of its content.'") (quoting *Turner Broadcasting Sys., Inc. v. FCC*, 512 U.S. 622, 642, 114 S.Ct. 2445, 2459, 129 L.Ed.2d 497 (1994)). In all other instances, a court "should uphold a vagueness challenge only if the statute is impermissibly vague in all of its applications." *Hoffman*, 455 U.S. at 499.

in a parking garage—which may well be a building—is not a violation of Section 46.03 of the Texas Penal Code. We find nothing in this portion of the statutory definition of premises to suggest that we should deviate from the plain meanings of the words "building or a portion of a building."

*Id.* Although the *Dupree* Court dealt with a prohibited weapon on the grounds of a school, the definition of "premises" applies equally to court facilities.

"Premises" does not include the exterior of a court facility, but does include areas inside a "building or a portion of a building." The common areas inside a building that are adjacent to courtrooms and offices used by the court are clearly part of the definition of "premises." This is supported by the legislative history of § 46.03, which expanded the definition of the prohibited area from a "government court or offices utilized by the court" to the *premises* of any government court or offices utilized by the court, in conjunction with the definition of premises in § 46.035(f). *See* Act of May 16, 2003, 78th Leg., R.S., ch. 1178, § 3(a)(3), sec. 46.03(a)(3), 2003 Tex. Gen. Laws 1042, 1178.

Darby Tucker, a deputy with the Johnson County Sheriff's Department, who is assigned to the Guinn Justice Center, testified that the security screening area is directly in front of and to the right of the 413th district court. Judge Neill also testified, without objection, that the Guinn Justice Center is considered the premises of a government court. Individuals who pass through the screening area are thus in a portion of the premises of a building housing a government court. Doyle Shastid, who also works security at the Guinn Justice Center, testified that there is also a warning sign posted at the bottom of the stairs leading into the Guinn Justice Center. A photograph of the sign was introduced as Exhibit 7 by the State and advises, in English and Spanish, that no one may enter the

premises with a firearm. The sign further notes, "All persons are notified that this building has a governmental court and offices utilized by the court."

Thomas entered the Guinn Justice Center with a firearm in her purse despite the posted warning. When Thomas passed through the entry doors into the screening area, she was within an area adjacent to a governmental court. Thomas was, therefore, engaged in conduct that is clearly proscribed and cannot complain that § 46.03 is vague as it might apply to others.

Thomas argues that opinions from the Attorney General's Office support her assertion that § 46.03 is vague. *See* Tex. Att'y Gen. Op. Nos. KP-0047 and KP0049 (2015) and Tex. Att'y Gen. Op. No. KP-0098 (2016). While Attorney General opinions may be persuasive and are entitled to due consideration, they are not binding on the courts. *Ex parte Schroeder*, 958 S.W.2d 811, 812 n.2 (Tex. Crim. App. 1997) (*per curiam*); *see also Skypark Aviation, LLC v. Lind*, 523 S.W.3d 869, 874 (Tex. App.—Eastland 2017, no pet.). Additionally, the attorney general opinions cited by Thomas deal with the ability of a licensed handgun holder to access portions of a multi-purpose government building that are not included in the definition of "premises" in § 46.03. These are inapposite because there is nothing in the record to reflect that Thomas is a handgun license holder, that there are offices in the Guinn Justice Center that are unrelated to court operations, or that if there are such offices, they are close to the security screening area.[4]

---

[4] Thomas includes a number of photographs allegedly of the interior of the Guinn Justice Center in the appendix to her reply brief. These photographs are not part of the record and cannot be considered for the first time on appeal. *See Davis v. State*, 227 S.W.3d 733, 737 (Tex. Crim. App. 2007) (appellate court properly declined to take judicial notice of exhibits that were not considered by the trial court and were not part of the appellate record); *Jack v. State*, 149 S.W.3d 119, 121 n.1 (Tex. Crim. App. 2004) (appellate courts may not

Thomas's fourth issue is overruled.

2. Separation of Powers. Thomas's fifth issue argues that the judges of Johnson County violated the separation of powers doctrine in defining the entire Guinn Justice Center as being part of the "premises"[5] of a governmental court. Thomas's third issue appears to be that the definition in the Johnson County decree is also unconstitutional as applied to her.

The designation signed by the judges in office at that time notes:

> WHEREAS, under Section 46.03 (a) (3) of the Texas Penal Code, firearms are prohibited on the premises of any governmental court or offices utilized by the court, unless pursuant to written regulations or written authorization of the court, and;

> WHEREAS, under Section 46.03 (f) of the Texas Penal Code, it is not a defense to prosecution that the actor possessed a handgun and was licensed to carry a concealed handgun under Subchapter H, Chapter 411, Government Code, and;

> WHEREAS, under Section 46.035 (f) (3) of the Texas Penal Code, "Premises" means a building or a portion of a building, and;

> WHEREAS, the Guinn Justice Center has been designated by the Commissioners Court of Johnson County as an Auxiliary Courthouse, and;

> WHEREAS, the 18th District Court, the 249th District Court, the 413th District Court, County Court at Law Number One, and County Court at Law Number Two and their respective offices are located in the Guinn Justice Center; and,

> WHEREAS, in addition to the above named courts and their respective offices, two auxiliary courtrooms, a central jury room, the

---

consider factual assertions outside the appellate record; documents outside the record do not "concern[ ] events or actions in the trial court and . . . cannot be considered for the truth of the matters asserted.").

[5] The State argues that Thomas has failed to preserve this issue. However, an allegation of a violation of the separation of powers doctrine is one of the few absolute, systemic requirements that may be raised for the first time on appeal. *See Henson v. State*, 407 S.W.3d 764, 768 (Tex. Crim. App. 2013).

District Attorney, the District Clerk, the County Attorney, the County Clerk and their respective offices are located in the Guinn Justice Center, and;

WHEREAS, common areas such as hallways adjacent to the courtrooms, central jury room, and offices utilized by the court exist on each of the four floors of the Guinn Justice Center, and;

WHEREAS, said common areas are used as waiting areas for those persons attending the courts and persons traveling to and from the courts and offices utilized by the courts, and;

WHEREAS, emotions may and do affect the behavior of persons attending court hearings regarding criminal, civil, domestic, and juvenile matters, and;

WHEREAS, safety is a concern for persons attending the courts, persons traveling to and from the courts and offices utilized by the courts, and persons who work at the Guinn Justice Center, and;

WHEREAS, the presiding judges of the courts located in the Guinn Justice Center are of the opinion that for the safety and welfare of the general public and employees located at the Guinn Justice Center, that the common areas of the Guinn Justice Center such as the hallways adjacent to the courtrooms and offices utilized by the courts should be designated as premises of a government court and offices utilized by the court and therefore considered to be areas where firearms are prohibited pursuant to Section 46.03 (a) (3) of the Texas Penal Code.

IT IS THEREFORE DESIGNATED AND DECREED, by the District Judges serving the District Court of Johnson County and the Judges serving the County Courts at Law of Johnson County that the common areas of the Guinn Justice Center such as hallways adjacent to the courtrooms and offices utilized by the courts are considered to be premises of a governmental court and offices utilized by the court and that pursuant to section 46.03 (a) (3) of the Texas Penal Code, firearms are prohibited in the Guinn Justice Center.

Separation of powers is expressly guaranteed by the Texas Constitution, which

provides:

The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate

body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

TEX. CONST. art. II, § 1.

The separation of powers doctrine is violated "when one branch of government assumes or is delegated a power 'more properly attached' to another branch." *Salinas v. State*, 523 S.W.3d 103, 106-07 (Tex. Crim. App. 2017) (quoting *Lo*, 424 S.W.3d at 28). In order to establish a violation of separation of powers under the Texas Constitution, a defendant must show: (1) that one branch has assumed, or has been delegated, to whatever degree, a power that is more "properly attached" to another, or (2) that one branch has so unduly interfered with the functions of another "so that the other branch cannot effectively exercise its constitutionally assigned powers." *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997) (quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990)). Thomas's claims fall within the first category—that the Johnson County judges usurped the power of the legislature in defining the word "premises." Accordingly, Thomas brings a facial challenge to the constitutionality of the judicial decree. *Peraza*, 467 S.W.3d at 514.

The Johnson County judges did not create a new definition of premises or otherwise usurp the power of the legislature. The decree merely applies the language of §§ 46.03(a)(3) and 46.035(f)(3) to the Guinn Justice Center. The decree does not expand the definition of premises, but limits its application to common areas, such as hallways, that are adjacent to the courtrooms and offices utilized by the courts. The decree does

not expand that definition of premises beyond that covered by §§ 46.03(a)(3) and 46.035(f)(3).

Additionally, as the State notes, Thomas has no basis for her separation of powers claim because she was not arrested, indicted, or convicted as a result of the definition of premises included in the Johnson County decree. We overrule Thomas's fifth issue.

In light of the foregoing, Thomas's third issue is likewise without merit as the plain language of § 46.003(a)(2), in conjunction with § 46.035(f)(3), covers the entryway to the Guinn Justice Center where Thomas was found with a firearm. We overrule Thomas's third issue.

B.  Testimony by Recused Trial Judge.  In her first issue, Thomas argues that the trial court erred by allowing Judge Neill to testify. Thomas contends that Judge Neill's testimony was erroneous because he was allowed to testify regarding his interpretation of the definition of "premises" as it related to Thomas's location in the Guinn Justice Center, that he was allowed to testify regarding his verbal order for Thomas and her ex-husband to surrender their firearms to their attorneys, and that he was allowed to testify regarding Thomas's character.

An appellate court reviews a trial court's ruling on the admission of evidence under an abuse-of-discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019). A trial court abuses its discretion when it acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Id.*

Thomas's claims in this regard have not been preserved. To preserve an error for appellate review, a party must present a timely objection to the trial court, state the

specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103(a)(1). *See also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Ham v. State*, 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd). Although Thomas objected when Judge Neill first began to testify, her objection was limited to the relevance of Judge Neill's testimony. Thomas's relevance objections were overruled. At a hearing outside the presence of the jury, Thomas's attorney argued that the circumstances leading to Judge Neill's order to turn over the firearms should be excluded under Rule 404(b). Prior to then, Judge Neill had testified without objection regarding the following: (1) the Guinn Justice Center is considered the premises of a government court; (2) the verbal order he gave to Thomas and her ex-husband to turn over any guns they owned or possessed to their attorneys; (3) his concerns regarding the potential for violence in family law cases; (4) the uniqueness of the situation in that this was the first time in his eighteen years on the bench that he had directed the parties to turn over their firearms; and (5) he received no notice from Thomas's attorney that Thomas had possession of another firearm. Any Rule 403 objections that Thomas raises on appeal regarding the foregoing were not timely presented to the trial court.

Thomas additionally argues that the trial court erred in admitting Judge Neill's testimony because it was in violation of Rule 605 of the Rules of Evidence. Rule 605 prohibits the presiding judge from testifying as a witness. As Judge Neill recused himself

and did not preside over Thomas's criminal trial, Rule 605 does not apply. *See Hensarling v. State*, 829 S.W.3d 168, 170-71 (Tex. Crim. App. 1992). We overrule Thomas's first issue.[6]

C. Sufficiency/Defective Indictment. In her second issue, Thomas argues that the evidence was legally insufficient to support her conviction and that the State failed to establish recklessness because the alleged underlying order by Judge Neill was void and not properly proved.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (*citing Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the

---

[6] In her reply brief, Thomas further argues that Judge's Neill's testimony was in violation of Article 38.05 of the Code of Criminal Procedure and Canon 2 of the Code of Judicial Conduct. We need not address new issues raised in a reply brief. TEX. R. APP. P. 38.3; *see In re M.D.G.*, 527 S.W.3d 299, 302-03 (Tex. App.—El Paso 2017, no pet.).

testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018). In this case, the only disputed issue was Thomas's intent in bringing the gun into the courthouse. Viewing all of the evidence in the light most favorable to the verdict, any rational juror could have found that Thomas's actions in bringing the gun into the Guinn Justice Center were, at a minimum, reckless.

Thomas also argues that the indictment was defective because it did not allege specific acts of recklessness. Thomas filed a motion to quash the indictment that was denied by the trial court. A trial court's ruling on a motion to quash an indictment is subject to a *de novo* review because the sufficiency of an indictment is a question of law. *State v. Jarreau*, 563 S.W.3d 477, 483 (Tex. App.—San Antonio 2018, pet. ref'd).

Article 21.15 of the Code of Criminal Procedure provides:

Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or

with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence, and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence.

TEX. CODE CRIM. PROC. ANN. art. 21.15.

In this case, the indictment alleged that Thomas acted intentionally and knowingly as well as recklessly. When all three mental states are included in the indictment, Article 21.15 does not apply. *Bartlett v. State*, 249 S.W.3d 658, 672-73 (Tex. App.—Austin 2008, pet. ref'd) (citing *Crawford v. State*, 646 S.W.2d 936, 937 (Tex. Crim. App. 1983)); *see also Benford v. State,* No. 10-10-00294-CR, 2012 WL 1366569, at *4 (Tex. App.—Waco Apr. 18, 2012, no pet.) (mem. op., not designated for publication) (when indictment includes intentionally and knowingly as well as recklessly, "we need not determine the requirements of the indictment as if recklessly had been the only alleged culpable mental state. . . .").[7] We overrule Thomas's second issue.

### *Conclusion*

Having overruled all of Thomas's issues, we affirm the judgment of the trial court.


REX D. DAVIS
Justice

---

[7] Thomas additionally argues that the State failed to prove recklessness because Judge Neill's order requiring her to give her firearm to her attorney was not in writing and was, therefore, void. As Thomas was not charged with contempt of court, whether Judge Neill's order was written or verbal is irrelevant.

Before Justice Davis,
  Justice Scoggins,[8] and
  Judge Adams[9]
Affirmed
Opinion delivered and filed August 28, 2019
Do not publish
[CR25]



[8] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.

[9] The Honorable Gordon G. Adams, 169th Judicial District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(h).