Randall Lee LASTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–04–00479–CR.

Court of Appeals of Texas,
San Antonio.

June 21, 2006.

Steven N. Harkiewicz, Law Office of Steven N. Harkiewicz, San Antonio, for appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

The motion for rehearing filed by the State is denied. This court's opinion and judgment dated September 28, 2005 are withdrawn, and this opinion and judgment are substituted. We substitute this opinion to clarify the court's harmless error analysis. In this appeal, we examine a defendant's right to have a mistrial declared if the defendant is found to be incompetent to stand trial after the beginning of the trial on the merits. We hold that Laster did not waive his right to complain on appeal regarding the trial court's failure to declare a mistrial. Be-

cause we cannot conclude from the record that the trial court's failure to declare a mistrial was harmless, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

In accordance with a plea bargain agreement, Randall Lee Laster pled no contest to the offense of aggravated robbery. At the plea hearing on March 3, 2003, trial counsel stated that he believed Laster was mentally competent. Fifteen days later, trial counsel filed a motion questioning Laster's competency and sanity at the time of the commission of the charged crime. On August 12, 2003, a jury found Laster incompetent, but with a substantial probability that Laster would attain competency within the foreseeable future. The trial court ordered Laster committed to the state hospital. Approximately three months later, on November 20, 2003, the state hospital informed the trial court that Laster had regained competency. On February 18, 2004, the trial court conducted a hearing, and trial counsel agreed that Laster was then competent to stand trial. The matter was set for a sentencing hearing on June 21, 2004. At the hearing, the trial court sentenced Laster to seven years confinement based on the original plea Laster entered in March of 2003.

In his appeal, Appellant claims the trial court erred by not *sua sponte* declaring a mistrial, thus withdrawing his plea of no contest, and by not granting him a new trial on the merits. Appellant requests this court reverse his conviction and remand his case to the trial court for a new trial on the merits.

## ANALYSIS

At the time of this proceeding in the trial court, Texas Code of Criminal Procedure, Article 46.02, Section 4(c) stated, "[i]f the defendant is found incompetent to stand trial after the beginning of the trial on the merits, the court shall declare a mistrial in the trial on the merits." *See* TEX.CODE CRIM. PROC. ANN. art. 46.02, § 4(c) (Vernon 1979). Act of May 18, 1977, 65th Leg., R.S., ch. 596, 1977 Tex. Gen. Laws 1460, *repealed by* Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 72.[1] Because Laster did not object to the trial court's failure to declare a mistrial, we must first determine whether he has preserved his complaint for appellate review.

### A. Preservation of Error

■ The general requirement for preservation of error is set forth in Rule 33.1(a) of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 33.1(a). Succinctly, the Rule requires "a timely, specific objection and a ruling by the trial court" to preserve a complaint for appellate review. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex.Crim.App.2004). The Texas Court of Criminal Appeals has identified three categories of rules or rights: (1) systemic (or absolute) requirements or rights; (2) waivable rights; and (3) forfeitable rights. *Id.* at 340. Rule 33.1(a) does not apply to a violation of the first two categories of rules or rights, and a violation of those rules or rights may be raised for the first time on appeal. *Id.* at 341.

■ A systemic right is "a law that the trial court has a duty to follow even if the parties wish otherwise." *Mendez*, 138

---

1. Although Article 46.02 has been repealed, it continues to apply in proceedings that were initiated before January 1, 2004. Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 16, 2003 Tex. Gen. Laws 72. Because proceedings had been initiated against Laster prior to January 1, 2004, Article 46.02, Section 4(c) is applicable in the instant case.

S.W.3d at 340. Systemic rights include those that are statutorily or constitutionally mandated, or are otherwise not optional, waivable or forfeitable by either party. *Sanchez v. State,* 120 S.W.3d 359, 365–66 (Tex.Crim.App.2003); *Marin v. State,* 851 S.W.2d 275, 279 (Tex.Crim.App.1993) ("The clearest cases of non-waivable, non-forfeitable systemic requirements are laws affecting the jurisdiction of the courts."). The implementation of these rights is not optional and therefore, is neither waivable nor forfeitable by any party. *Id.* The trial court "has an independent duty to implement [these rights] absent an effective waiver." *Id.* at 280. Moreover, absolute rights cannot be avoided, even with consent. *Id.* at 279.

■■■■ Waivable rights are rights that a judge has an independent duty to implement absent an effective waiver by the defendant. *Marin,* 851 S.W.2d at 280. It is well-established that waiver ordinarily requires "voluntary relinquishment or abandonment of a known right." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In a criminal context, a defendant is never deemed to have given up a waivable right "unless he says so plainly, freely, and intelligently, sometimes in writing and always on the record." *Marin,* 851 S.W.2d at 280; *Goffney v. State,* 843 S.W.2d 583, 585 (Tex.Crim.App. 1992). These rights are "so fundamental to the proper functioning of our adjudicatory process" that they do not vanish without an express waiver. *Marin,* 851 S.W.2d at 279–80. For instance, in *Mendez,* the Texas Court of Criminal Appeals examined a defendant's right to plead not guilty. 138 S.W.3d at 343–350. The court noted that the Code of Criminal Procedure provided, "[i]f the defendant refuses to plead, the plea of not guilty *shall* be entered for him by the court." *Id.* at 343 (quoting Tex.Code Crim. Proc. Ann. art. 27.16(a)

(Vernon 1989)) (emphasis added). The court reasoned that the Code gave "the trial court a duty in the absence of action by the defendant" thereby creating "a defendant's right to a plea of not guilty that is a 'waivable right.'" In *Marin's* taxonomy, the trial court's duty is one that "'must be implemented by the system unless expressly waived.'" *Mendez,* 138 S.W.3d at 343–44 (quoting *Marin,* 851 S.W.2d at 279). Consequently, no objection was required to preserve the complaint on appeal.

■■■■ Finally, forfeitable rights arise from rules that are optional at the request of a defendant. *Marin,* 851 S.W.2d at 279. Texas Rule of Appellate Procedure 33.1 applies to these rights. "Except for complaints involving systemic (or absolute) requirements, or rights that are waivable only . . . all other complaints, whether constitutional, statutory or otherwise, are forfeited by failure to comply with Rule 33.1(a)." *Mendez,* 138 S.W.3d at 342.

■■■■ At the time of Laster's plea, Article 46.02, Section 4(c) provided that the trial court *"shall* declare a mistrial in the trial on the merits" if an incompetency determination is made "after the beginning of the trial on the merits." Act of May 18, 1977, 65th Leg., R.S., ch. 596, 1977 Tex. Gen. Laws 1460, *repealed by* Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 15, 2003 Tex. Gen. Laws 72 (emphasis added). The use of the term "shall," and the absence of any reference to the "request of a party," arguably suggests that the Legislature intended to impose on the trial court a duty that operates independent from the defendant's request for that right. Therefore, the right to a mistrial in these circumstances is not a forfeitable right; it must be implemented by the trial court "absent an effective waiver by the defendant." *Marin,* 851 S.W.2d at 280.

Alternatively, by acknowledging that an incompetent person cannot, by definition, intelligently waive his rights, the Legislature may have intended Article 46.02, Section 4(c) to create a systemic right—one that the trial court "has a duty to follow even if the parties wish otherwise." *Mendez*, 138 S.W.3d at 340.

Furthermore, the record clearly shows that Laster never "plainly, freely, and intelligently" waived his right, either "in writing" or "on the record," to have a mistrial declared. *See Mendez*, 138 S.W.3d at 343–44. In fact, nothing in the record reveals that Laster, his trial counsel, the prosecutor, or the trial court was even aware that Laster had the right to have a mistrial declared. This is not surprising since the sentencing hearing occurred after Article 46.02, Section 4(c) was repealed. Because the record does not reflect an *"intentional* relinquishment of a *known* right" to have a mistrial declared, the right was not waived; therefore we need not decide whether the right is systemic or waivable. In either case, no objection was required to preserve Laster's complaint.

## B. Harm Analysis

■ Having found error, we must conduct the appropriate harm analysis. The State asserts that any error in the trial court's failure to declare a mistrial was harmless because Laster "demonstrated his desire to plead to the charge and accept responsibility for his actions at the sentencing hearing" and that Laster "seemed firm in his desire to proceed with the plea and accept responsibility for his actions."

■ Rule 44.2(a) categorizes the review of errors in a criminal case into two general categories: constitutional errors and nonconstitutional errors. TEX.R.APP. P. 44.2.[2] "Except for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Mendez*, 138 S.W.3d at 339 (*citing Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997)). For nonstructural, constitutional errors, an appellate court must reverse the trial court if it fails to find beyond a reasonable doubt that the error did not contribute to the judgment. TEX.R.APP. P. 44.2(a). And finally, non-constitutional errors must be disregarded unless the reviewing court has "grave doubt" about whether the outcome of the proceeding was free from the substantial influence of the error. *Burnett v. State*, 88 S.W.3d 633, 637–38 (Tex.Crim.App.2002). " 'Grave doubt' means that 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.' " *Id.* (citations omitted). Thus, "in cases of grave doubt as to harmlessness the petitioner must win." *Id.* (citations omitted). In this case, a grave doubt as to the harmlessness exists.

The trial court's failure to declare a mistrial enabled the trial to proceed in the framework of a sentencing hearing, as opposed to starting over at the beginning of

---

**2.** TEX.R.APP. P 44.2 states:

(a) *Constitutional Error.* If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the court of appeals must reverse a judgment of conviction or punishment un-

less the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.

(b) *Other Errors.* Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.

the trial as envisioned by the statute. The Legislature's requirement that a mistrial be declared when a defendant is found to be incompetent after the beginning of a trial, may well rest on the inherent inability to quantify the effect of the defendant's incompetency on the trial court proceedings. Whether the outcome of these proceedings was free from the effects of the trial court's failure to declare a mistrial cannot be established. Moreover, because absent a mistrial, appellant was bound to the stipulations and waivers filed prior to the declaration of incompetence, we cannot know what actions Laster would have taken if he had known that he had the right to have a mistrial declared. As such, we have grave doubt that the outcome would have been the same. Accordingly, we cannot conclude from the record before us that the trial court's failure to declare a mistrial is harmless.

### CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.