

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00114-CR

———————————————

SPENCER BATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1631863D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

### I. Introduction

Appellant Spencer Bates appeals his conviction for the third-degree felony offense of assault–family violence by impeding the breath or circulation of his wife[1] for which he was sentenced to five years' imprisonment. In two points, Bates argues that the trial court committed harmful error by failing to order a presentence investigation (PSI) report and that the trial court imposed a grossly disproportionate sentence in violation of the Eighth Amendment. Following case law from this court and similar holdings from other courts, we rule against Bates on his first point and hold that he forfeited any error by failing to object to the trial court's failure to order a PSI report or, alternatively, that any error in failing to order a PSI report was harmless. We also rule against Bates on his second point because he failed to include any evidence in his motion for new trial that would allow us to perform a proper disproportionate-sentence analysis. Accordingly, we affirm.

### II. Brief Factual and Procedural Background

On February 16, 2020,[2] after Bates's wife threatened to leave him, he began choking her and slapped her in the face, leaving a scratch mark on her cheek. She

---

[1]The couple married on January 29, 2020. At the time of the revocation hearing on May 29, 2020, Bates's wife testified that she was still technically married to Bates but that "the annulment [was] in process."

[2]The record contains testimony about other instances in which Bates assaulted and threatened his wife and is replete with her testimony about her fear of being

went outside and tried to escape over the fence, but Bates grabbed her, brought her back to the bedroom, got on top of her, and put his hands around her throat so that she could not breathe. Bates retrieved a handgun from a dresser drawer, pointed it at his wife's head, and threatened to kill her. Bates's wife's mother came over to the house when she was unable to reach her daughter by phone, and her yelling caused Bates to let his wife go.

Based on this incident, the State charged Bates with first-degree aggravated assault with a deadly weapon causing bodily injury, second-degree aggravated assault with a deadly weapon by threat, and third-degree assault–family violence by impeding breath or circulation. Bates pleaded guilty to the third-degree felony, the State waived the other two counts, and the trial court deferred an adjudication of guilt and placed Bates on three years' deferred-adjudication community supervision.

Less than a month later, the State filed a petition to proceed to adjudication, alleging that Bates had committed five violations of his community-supervision conditions. At the hearing on the State's petition, the State waived the first two allegations, and Bates pleaded "true" to allegation three and "not true" to allegations four and five. After hearing testimony, the trial court found allegations three, four, and five to be true; adjudicated Bates guilty; and sentenced him to five years' imprisonment.

retaliated against based on providing such testimony. Because such testimony is not necessary to the disposition of the appeal, we omit it from the background section.

## III. Any Error from the Lack of a PSI Report Was Forfeited or, Alternatively, Was Harmless

In his first point, Bates argues that the trial court committed harmful error by failing to order a PSI report. Bates contends that his right to a PSI report is a systemic or waivable right and that he was not required to object to the trial court's failure to order a PSI report in order to preserve error. Bates relies on a 2006 case from the San Antonio Court of Appeals to support his argument. *See Laster v. State*, 202 S.W.3d 774, 777 (Tex. App.—San Antonio 2006, no pet.) (op. on reh'g). Bates, however, ignores a 2016 case from this court holding that the right to a PSI report can be forfeited by a failure to object. *See Baires v. State*, No. 02-16-00022-CR, 2016 WL 5845927, at *5 (Tex. App.—Fort Worth Oct. 6, 2016, no pet.) (mem. op., not designated for publication). This authority, and similar holdings from other courts, is decisive of Bates's first point.

As we explained in *Baires*, "A complaint concerning the trial court's error in failing to comply with th[e] statutory duty [to order the preparation of a PSI report] must be preserved in the trial court by a timely and specific request, objection, or motion that is ruled on by the trial court." *Id.* Although we based our decision in *Baires* on a now-repealed PSI statute, the current PSI statute does not differ appreciably with regard to its mandatory nature or its forfeitability. *Compare* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) ("[B]efore the imposition of sentence by a judge in a felony case, . . . the judge shall direct a supervision officer to report to the

4

judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge.") (repealed by Act of June 17, 2015, 84th Leg., R.S., ch. 770, § 3.01, 2015 Tex. Gen. Laws 2395), *with* Tex. Code Crim. Proc. Ann. art. 42A.252(a) ("[B]efore the imposition of the sentence by a judge, the judge shall direct a supervision officer to prepare a presentence report for the judge."). Moreover, other courts have similarly held that the right to a PSI report is forfeited by the failure to object. *See Jimenez v. State*, 446 S.W.3d 544, 551 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Smith v. State*, 91 S.W.3d 407, 409 (Tex. App.—Texarkana 2002, no pet.) ("[T]he error in failing to order a PSI report is waived if the defendant fails to object to the failure or to bring the failure to the trial court's attention."); *Wright v. State*, 873 S.W.2d 77, 80 (Tex. App.—Dallas 1994, pet. ref'd) (op. on reh'g) (expressly holding that the right to a PSI report is a forfeitable, not a waivable-only, right). We therefore see no reason to depart from our holding in *Baires*.

Bates's argument that his right to a PSI report is not forfeitable and his reliance on *Laster* turns on the fact that the Legislature used the word "shall" in the PSI statute. *Laster*, however, dealt with the right to have a mistrial declared when a defendant is found incompetent after the beginning of the trial on the merits. 202 S.W.3d at 777. The concern in that scenario is that a person who is incompetent

5

"cannot, by definition, intelligently waive his rights." *Id.* at 778. This concern is not present in the case before us that focuses on the waiver of a right to a PSI report, which is not "a substantive right necessary to effectuate the proper functioning of our criminal justice system." *See Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) (explaining when the nature of a right "is too significant to the judicial system to conclude that it is extinguished by mere inaction"). Thus, *Laster* is not applicable here.

At no time prior to the conclusion of the punishment hearing did Bates specifically request a PSI report, object to proceeding with a punishment hearing in the absence of a PSI report, or file a motion seeking a PSI report as required to preserve error for our review. *See* Tex. R. App. P. 33.1(a)(1)(A); *Baires*, 2016 WL 5845927, at *5. Because Bates did not specifically request a PSI report, object to proceeding with a punishment hearing in the absence of a PSI report, or file a motion seeking a PSI report at any time prior to the conclusion of his punishment hearing, he forfeited his right to complain of any error concerning the trial court's failure to order a PSI report. *See* Tex. R. App. P. 33.1(a)(1)(A); *Baires*, 2016 WL 5845927, at *5; *Jimenez*, 446 S.W.3d at 551; *Smith*, 91 S.W.3d at 409; *Wright*, 873 S.W.2d at 80.

Alternatively, we hold that any error stemming from the lack of a PSI report must be disregarded because it did not affect Bates's substantial rights. *See* Tex. R. App. P. 44.2(b); *Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex. Crim. App. 2000) (holding that any error in failure to order the preparation of a PSI report is subject to review

6

for harm under Rule 44.2(b)); *Yarbrough v. State*, 57 S.W.3d 611, 618–19 (Tex. App.—Texarkana 2001, pet. ref'd).  In assessing the impact an alleged Rule 44.2(b) error may have had on a punishment decision, we consider the entire record, the nature of the evidence supporting the punishment decision, the character of the error, and how it might be considered in connection with other evidence in the case.  *See Yarbrough*, 57 S.W.3d at 619 (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000)).  Given the nature and character of the evidence supporting the trial court's sentence of five years' imprisonment (Bates's choking and strangling his wife while pointing a gun at her head and threatening to kill her), and given the character of the error (the lack of a PSI report in determining punishment for a third-degree felony for assault–family violence by impeding breath or circulation) and how a PSI report might be considered in connection with the other evidence, we hold that if Bates has not forfeited his claims of error in the trial court's failure to order the preparation of a PSI report, nonetheless, such error did not affect his substantial rights.  *See Baires*, 2016 WL 5845927, at *5; *Buchanan v. State*, 68 S.W.3d 136, 140 (Tex. App.—Texarkana 2001, no pet.); *Yarbrough*, 57 S.W.3d at 620.  Thus, we alternatively hold that even if Bates did not forfeit this complaint, we are required to disregard the error.  *See* Tex. R. App. P. 44.2(b).  We overrule Bates's first point.

## IV.  Bates Provided No Evidence for a Disproportionate-Sentence Analysis

In his second point, Bates argues that the trial court imposed a grossly disproportionate punishment in violation of the Eighth Amendment.  Bates

recognizes that a sentence within the proper range of punishment is generally permissible and concedes that the sentence imposed is within the statutorily authorized range for the offense in question. Bates, however, argues that "it is apparent that when the objectives of the system of prohibitions, penalties, and correctional measure[s] in the Penal Code are properly considered, the sentence imposed is excessive and disproportionate." Assuming without deciding that Bates preserved this issue for appeal in his motion for new trial, Bates has failed to carry his burden on appeal to demonstrate that his five-year sentence is grossly disproportionate to his offense. *See Solem v. Helm*, 463 U.S. 277, 290–91, 103 S. Ct. 3001, 3010 (1983).

Bates failed to present any evidence or argument that would go toward satisfaction of the tests which must be met under *Solem* and *Harmelin*. *See Harmelin v. Michigan*, 501 U.S. 957, 1004–05, 111 S. Ct. 2680, 2707 (1991) (Kennedy, J., concurring in part); *Solem*, 463 U.S. at 290–91, 103 S. Ct. at 3011 (requiring, in proportionality analysis, evidence comparing defendant's sentence with sentences received by other offenders in same jurisdiction and with sentences imposed for same crime in other jurisdictions). That is, Bates provided no evidence comparing his sentence with sentences received by other offenders in the same jurisdiction for the same crime and with sentences imposed for the same crime in other jurisdictions, so nothing in the record shows that Bates's five-year sentence here constitutes a grossly

8

disproportionate sentence or cruel and unusual punishment.[3]  Accordingly, Bates has failed to carry his burden to show that his five-year sentence for the third-degree felony offense of assault–family violence by impeding breath or circulation is grossly disproportionate and thus unconstitutional.  *See Griffin v. State*, No. 02-19-00020-CR, 2021 WL 126650, at *6 (Tex. App.—Fort Worth Jan. 14, 2021, no pet. h.) (mem. op., not designated for publication); *Pantoja v. State*, 496 S.W.3d 186, 193 n.4 (Tex. App.—Fort Worth 2016, pet. ref'd) (declining to undergo proportionality analysis because appellant offered no evidence of sentences imposed in same jurisdiction and other jurisdictions); *see also Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App.—Fort Worth 2015, no pet.) (overruling appellant's claim that punishment was grossly disproportionate to offense because appellant offered no evidence in connection with motion for new trial of sentences imposed for same crime in same jurisdiction and other jurisdictions).

Accordingly, we overrule Bates's second point.

---

[3]Bates's motion for new trial makes only a general statement that such evidence exists:  "There are numerous defendants currently on probation or serving less time in prison for offenses that are more serious than this case[,] and few defendants possess the favorable background and characteristics that [Bates] possesses."

## V.  Conclusion

Having overruled Bates's two points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  April 1, 2021