# NO. 12-23-00281-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC MONTREAL BENSON,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Eric Montreal Benson appeals his conviction for possession of a firearm by a felon.  In two issues, he challenges the sufficiency of the evidence to support his conviction and alleges that the judgment contains errors that require correction.  We modify and affirm as modified.

## BACKGROUND

Appellant was indicted for the offense of felon in possession of a firearm, a third-degree felony.[1]  Appellant waived his right to a jury trial. Appellant pleaded "not guilty," and the matter proceeded to a bench trial.

The evidence at trial showed that on May 20, 2022, the Tyler Police Department received a call about a shooting at the Super 8 motel.[2]  Michael Adams, an occupant of a hotel room near Appellant's room, testified that he heard a gunshot, so he retrieved his own firearm.  Upon exiting

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a), (e) (West Supp. 2023).

[2] The Super 8 motel is located in the "Four Corners" area of Tyler, and is known for its high crime rate, sex trafficking, and drug activity.

his room to investigate, he observed Appellant and discovered that he had been shot. Appellant told Adams that "Mexicans shot him." Adams then rendered aid until law enforcement arrived.

Tyler Police Department Officers Eric Meisner and William Edwards arrived and found Appellant laying in a pool of blood on the second-floor breezeway of the motel. The officers testified that Appellant had two gunshot wounds—one on his hip and the other on his inner thigh. The officers later determined that the two wounds were actually the entry and exit wound of a single gunshot. As Officer Meisner administered medical assistance to Appellant, he noticed a "meth pipe" inside his boxer shorts.[3] Appellant claimed to have been "shot by some Mexicans."

The officers spoke to an elderly Hispanic couple staying on the first floor below Appellant's room where he claimed he visited at the time of the shooting. The couple was cooperative, did not know anything about the shooting, and felt confused about why they were being questioned. During the interview, the officers concluded that the couple had no involvement in the shooting.

The officers searched the area and recovered one spent shell casing and a single spent bullet projectile. The casing and projectile did not match Adams's firearm he retrieved prior to rendering aid to Appellant. Adams testified that he never saw a firearm besides his own. None of the testifying law enforcement officers saw or found a firearm other than Adams's. No fingerprints were taken from the casing and no DNA was sampled from the bullet. Although a gunshot residue test kit was taken on both Adams and Appellant, these tests were never completed.

Motel surveillance video footage was admitted at trial, which showed Appellant standing alone in the balcony corner nearest the lobby holding and pointing a semi-automatic firearm towards the stairwell. Appellant then abruptly stumbled and slammed into a glass door with such force that he created a "spiderweb" fracture in the glass. Next, the video shows Appellant stagger away from the corner down the breezeway, leaving bloody shoeprints in his wake.

Based on their investigation, the officers believed that Appellant accidentally shot himself when he attempted to "holster" his firearm in the waistband of his shorts.

The trial court found Appellant "guilty" of the offense, and after a punishment hearing, sentenced him to ten years of imprisonment. The trial court signed a judgment on September 21, 2023, and issued a judgment nunc pro tunc on October 18. This appeal followed.

---

[3] Appellant told the officers he last consumed methamphetamine three weeks prior to the incident, but the officers testified that, based on their experience, his behavior was consistent with that of someone under the influence of methamphetamine.

Appellant contends in his first issue that the evidence is insufficient to support the verdict because the State never recovered or produced a firearm allegedly possessed by him, and no rational trier of fact could have found that he possessed a firearm beyond a reasonable doubt.

**Standard of Review**

The standard of review for sufficiency of the evidence is whether any rational finder of fact could have found the appellant guilty beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In reviewing the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks*, 323 S.W.3d at 898–99. The trier of fact is the sole judge of the credibility of the witnesses and can believe all, some, or none of the testimony presented, and a reviewing court affords almost complete deference to a factfinder's decision when that decision is based upon an evaluation of credibility. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326, 99 S. Ct. 2781; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Even if every fact does not point directly and independently to the guilt of the accused, the cumulative force of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**Applicable Law**

To establish unlawful possession of a firearm by a felon, the state must show that the defendant was previously convicted of a felony offense and possessed a firearm after the conviction but before the fifth anniversary of his release from confinement, community supervision, parole, or mandatory supervision. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (West Supp. 2023). To support the possession element, the state must show that (1) the accused exercised

actual care, control, or custody of the firearm, (2) he was conscious of his connection with it, and (3) he possessed the firearm knowingly or intentionally. ***Hutchings v. State***, 333 S.W.3d 917, 920 (Tex. App.—Texarkana 2011, pet. ref'd). A defendant's connection with the firearm must be more than just fortuitous. *See* ***Evans v. State***, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). His mere presence at the location where a firearm is found is not sufficient, in and of itself, to establish his knowing possession. *See* ***id.*** at 162.

If the firearm is not found on the defendant's person or is not seen in the defendant's exclusive care, custody, control, or management, a reviewing court may consider a set of nonexclusive factors when deciding whether there is sufficient evidence linking a defendant to a firearm for purposes of establishing possession. *See* ***Sutton v. State***, 328 S.W.3d 73, 76 (Tex. App.—Fort Worth 2010, no pet.). The purpose of linking the defendant to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. ***Harris v. State***, 532 S.W.3d 524, 528 (Tex. App.—San Antonio 2017, no pet.). An appellate court examines factors such as whether (1) the firearm was in plain view, (2) the defendant owned the premises where the firearm was found, (3) the defendant made incriminating statements, (4) the defendant was in close proximity to the firearm and had ready access to it, (5) the defendant attempted to flee, (6) the defendant's conduct indicated a consciousness of guilt, (7) the defendant had a special connection to the firearm, and (8) the firearm was found in an enclosed space. ***Sutton***, 328 S.W.3d at 77.

Texas courts recognize that it is not the number of links that is dispositive but rather the logical force of all the evidence. ***Evans***, 202 S.W.3d at 162; ***Harris***, 532 S.W.3d at 529. The evidence showing these links may be direct or circumstantial. ***Swapsy v. State***, 562 S.W.3d 161, 165 (Tex. App.—Texarkana 2018, no pet.). The absence of certain links is not evidence of innocence to be weighed against the links present. ***Harris***, 532 S.W.3d at 529.

**Discussion**

Appellant does not dispute that he previously was convicted of a felony or that five years had not elapsed since his conviction of the felony or his release from prison on parole or supervision. Rather, Appellant's chief complaint appears to be that the State failed to produce the firearm, photos of the firearm, or any other information about the firearm, and without such evidence, there is no evidence linking him to a firearm sufficient to show that he possessed one.

However, it is not necessary for the State to have produced a firearm before we may sustain a conviction for unlawful possession of a firearm by a felon. *See Tapps v. State*, 257 S.W.3d 438, 445–46 (Tex. App.—Austin 2008) (op. on reh'g), *aff'd*, 294 S.W.3d 175 (Tex. Crim. App. 2009); *see also Hutchings*, 333 S.W.3d at 920-22 (holding eyewitness testimony purporting to have seen defendant with firearm sufficient to prove possession for unlawful possession of firearm by felon); *Castillo v. State*, No. 11-18-00164-CR, 2020 WL 4038853, at *3 (Tex. App.—Eastland July 16, 2020, pet. ref'd) (mem. op., not designated for publication) (same).

The surveillance camera footage admitted at trial shows Appellant: (1) standing alone in the balcony corner of the second-floor breezeway at the hotel where he had a room, (2) holding and pointing a semi-automatic firearm toward the stairwell in plain view, (3) striking the glass with such force to cause a "spiderweb" fracture, and (4) stumbling away down the breezeway corridor in a trail of blood and leaving bloody shoeprints. The video shows no one else present during this sequence of events until Adams appeared with his own firearm to investigate. The video does not show Adams point or shoot his firearm at Appellant. The officers discovered a single shell casing in the balcony corner where Appellant stood at the time of the shooting, along with a single spent bullet. These did not match Adams's firearm. Furthermore, Appellant had a single gunshot wound on his hip that exited his inner thigh consistent with the officers' theory that Appellant accidentally shot himself when attempting to "holster" the firearm.

Based on the foregoing evidence, we hold that a rational fact finder could reasonably conclude that Appellant possessed a firearm by exercising actual care, custody, or control of it, that he was conscious of his connection with it, and he possessed it knowingly or intentionally. *Hutchings*, 333 S.W.3d 917, 920. Since he does not dispute the remaining elements of the offense, the evidence is sufficient to support the trial court's finding of guilt. *See Tapps*, 257 S.W.3d at 445; *Hutchings*, 333 S.W.3d at 920-22; *see also Whitaker v. State*, No. 12-22-00132-CR, 2023 WL 3033197, at *8 (Tex. App.—Tyler Apr. 20, 2023, no pet.) (mem. op., not designated for publication).

## ERROR IN JUDGMENT

In his second issue, Appellant urges the nunc pro tunc judgment incorrectly indicates that he had a jury trial at the guilt-innocence phase of trial. The State concedes the error.

We have the authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); ***Asberry v. State***, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

The trial court signed its original judgment on September 21, 2023. Nearly a month later on October 18, the trial court issued a nunc pro tunc judgment. This judgment nunc pro tunc contains errors, namely that the matter proceeded to a jury trial during the guilt-innocence phase of trial, when the entire trial was to the bench. Specifically, the October 18 judgment nunc pro tunc contains the following errors: (1) it is entitled "**JUDGMENT OF GUILTY BY JURY - PUNISHMENT BY COURT**;" (2) it states "Verdict of Jury: GUILTY;" and (3) the "Counsel/Waiver of Counsel" paragraphs erroneously state as follows:

> **Counsel / Waiver of Counsel**
> XXX Defendant appeared in person with Counsel.
>     It appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument. Both parties announced ready for trial. A jury was selected, impaneled, and sworn. The Indictment was read to the jury, and Defendant entered a plea to the charged offense. The Court received the plea and entered it of record.
>     The jury heard the evidence submitted and argument of counsel. The Court charged the jury as to its duty to determine the guilt or innocence of Defendant, and the jury retired to consider the evidence. Upon returning to open court, the jury delivered its verdict in the presence of Defendant and Defense Counsel, if any.
>     The Court received the verdict and ORDERED it entered upon the minutes of the Court.

Because we have the necessary information in the record from the court's original September 21 judgment, we hold that the trial court's October 18 nunc pro tunc judgment should be modified to speak the truth as follows: (1) it should be entitled "**JUDGMENT OF CONVICTION BY COURT - WAIVER OF JURY TRIAL**;" (2) the verdict portion should read "Verdict of Judge: GUILTY;" and (3) the "Counsel/Waiver of Counsel" paragraphs should be modified to state as follows:

> **Counsel / Waiver of Counsel**
> XXX Defendant appeared in person with Counsel.
>     Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, TEX. CODE CRIM. PROC.

*See* T<small>EX</small>. R. A<small>PP</small>. P. 43.2(b); *Bigley*, 865 S.W.2d at 27-28, *Asberry*, 813 S.W.2d at 529.

Accordingly, Appellant's second issue is sustained.

## D<small>ISPOSITION</small>

Having sustained Appellant's second issue and overruled his first issue, we ***modify*** the trial court's judgment nunc pro tunc to reflect that (1) the judgment be entitled "**JUDGMENT OF CONVICTION BY COURT - WAIVER OF JURY TRIAL**;" (2) the verdict portion be modified to state "<u>Verdict of Judge:</u> GUILTY;" and (3) the "Counsel/Waiver of Counsel" paragraphs to read as follows:

> **Counsel / Waiver of Counsel**
> XXX Defendant appeared in person with Counsel.
> Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, TEX. CODE CRIM. PROC.

We ***affirm*** the judgment nunc pro tunc as ***modified***.

**G<small>REG</small> N<small>EELEY</small>**
Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00281-CR**

**ERIC MONTREAL BENSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1486-22)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified** regarding the trial court's judgment nunc pro tunc to reflect that (1) the judgment is entitled " **JUDGMENT OF CONVICTION BY COURT – WAIVER OF JURY TRIAL**; (2) the verdict portion states "<u>Verdict of Judge:</u> GUILTY;" and (3) the "Counsel/Waiver of Counsel" paragraphs read as follows:

<u>**Counsel / Waiver of Counsel**</u>
XXX Defendant appeared in person with Counsel.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. After hearing the evidence submitted, if any, the Court ADJUDGES Defendant GUILTY of the offense indicated above. The Court FINDS

the Presentence Investigation, if so ordered, was done according to the applicable provisions of Subchapter F, Chapter 42A, TEX. CODE CRIM. PROC.

And as **modified**, **is affirmed**; and this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*